No. 13, original. NEW JERSEY *v.* CITY OF NEW YORK. May 29, 1933. May 8, 1933, complainant filed its petition representing that the defendant has failed to take action necessary to comply with our decree entered December 7, 1931, (284 U. S. 585) and praying an order that defendant show cause why it should not be adjudged in contempt. On the same day defendant filed an application asserting its inability to comply with the decree within the time limited, and praying that the time for the taking effect of the injunction be extended from June 1, 1933, to April 1, 1934. It is ordered:

These applications will be heard November 6, 1933.

Edward K. Campbell is appointed Special Master, empowered to issue subpoenas for witnesses and to take the evidence that may be offered by the respective parties, and also such as he may deem necessary, to show: (1) What shall have been done by defendant, up to September 15, 1933, and the time reasonably required to enable it to comply with the decree; (2) The amounts that shall have been expended, subsequent to June 1, 1933, by New Jersey and its political subdivisions to prevent or lessen the defilement or pollution of the waters, shores or beaches within that State and the damages respectively sustained by them as a result of defendant's failure to comply with the decree.

The evidence shall be taken at such times and places as the Master, by notice to counsel, shall fix. And he is directed to report to the Court, not later than October 20, 1933, the evidence so taken together with his findings of fact thereon. His findings will be subject to consideration, revision or approval by the Court. When the report of the Special Master is filed the Clerk of the Court shall cause the same to be printed and the Court, without the filing of exceptions, will hear the parties thereon.

[The order makes provision also for the compensation and expenses of the Master; apportionment of the cost of

printing the report; and for a new appointment by the Chief Justice if this one be not accepted or become vacant during the recess of the Court.]