## NEW JERSEY v. NEW YORK CITY.

No. 12, original. Argued November 6, 1933.—Decided December 4, 1933.

Mr. Duane E. Minard, with whom Mr. William A. Stevens, Attorney General of New Jersey, was on the brief, for plaintiff.

Mr. Arthur J. W. Hilly, Corporation Counsel of New York City, with whom Messrs. Thomas W. A. Crowe and J. Joseph Lilly were on the brief, for defendant.

DECREE, announced by MR. JUSTICE BUTLER.

Leave having been granted, 279 U.S. 823, the State of New Jersey, May 20, 1929, filed its bill of complaint against the City of New York and prayed that the City be enjoined from dumping garbage or other noxious,

offensive or injurious matter into the ocean or other waters of the United States off the coast of New Jersey and from otherwise polluting its waters and its beaches. Defendant answered, raising issues of fact. The Court appointed Edward K. Campbell special master, 280 U.S. 514, who took the evidence and reported the same, together with his findings of fact, conclusions of law and recommendations for a decree.

He found that defendant had created and was continuing to create a public nuisance upon beaches and other property of plaintiff, concluded plaintiff was entitled to relief and recommended that injunction be granted as prayed, but that defendant should be allowed a reasonable time within which to provide incinerators for the disposal of its garbage and rubbish. After hearing upon exceptions filed by defendant, the Court approved the master's report. As no evidence had been taken to show what time would be required, the master was directed to take evidence upon that subject and report his findings and a form of decree. 283 U.S. 473. After evidence had been taken, the parties agreed upon the terms of an injunction and prepared a proposed form of decree which together with the master's report was filed with the Clerk.

December 7, 1931, the Court entered its decree, in the form of that submitted by the parties. Among other things, it ordered, adjudged and decreed that on and after June 1, 1933, defendant be enjoined as prayed, and until then defendant utilize existing facilities to reduce dumping to the lowest practicable limit and file reports showing progress of construction and quantities of garbage and rubbish dumped. 284 U.S. 585.

Defendant's reports, filed in April and October, 1932 and April, 1933, show that it failed to take action necessary to cease dumping within the time specified in the decree. May 8, 1933, plaintiff filed its petition that defendant be ordered to show cause why it should not be adjudged in contempt of court. Defendant answered. It represented that, because of lack of financial means, the construction

of the plants had been unavoidably delayed and that it was unable, within the time allowed, to complete the plants and to cease dumping. It prayed that April 1, 1934, be fixed as the effective date of the decree.

The Court ordered these applications to be heard November 6, 1933, and appointed Edward K. Campbell special master to take evidence to show the progress of defendant's work of plant construction up to September 15, 1933, the time reasonably required to enable defendant to comply with the decree, the amounts expended by plaintiff and its political subdivisions subsequent to June 1, 1933 to prevent or lessen defilement or pollution of waters, shores, or beaches within the State and the damages respectively sustained by them as a result of defendant's failure to comply with the decree. The order directed him to make findings thereon. 289 U.S. 712.

October 19, 1933, the special master filed his report showing, and the Court finds: Defendant has two incinerators under construction which, as estimated by its sanitation engineer, will be ready for operation on April 21, and June 30, 1934, respectively. These plants will not be quite adequate for disposal of defendant's garbage and rubbish. Plaintiff's municipal subdivisions expended between June 1 and September 15, 1933, the sum of $2,160.79.

At the hearing, November 6, 1933, defendant, through its counsel, represented that by the use of these incinerators and other means to be provided, it would be able fully to comply with the decree on and after July 1, 1934, and it prayed that the decree be modified to take effect on that day. The Court grants the extension prayed and modifies the decree by changing its effective date, adds provisions for its enforcement, and adjudges defendant liable for the amounts expended by plaintiff's political subdivisions, and that defendant pay costs, the expenses incurred by the master and his compensation.

Accordingly, it is ordered, adjudged and decreed:

1. On and after July 1, 1934, the defendant, The City of New York, its employees and agents, and all persons assuming to act under its authority, be and they are hereby enjoined from dumping, or procuring or suffering to be dumped, any garbage or refuse, or other noxious, offensive or injurious matter, into the ocean, or waters of the United States, off the coast of New Jersey, and from otherwise defiling or polluting said waters and the shores or beaches thereof or procuring them to be defiled or polluted as aforesaid.

2. If defendant shall fail to comply with paragraph 1 of this decree by July 1, 1934, it shall pay to plaintiff $5,000.00 a day until it does so comply; such payments however are to be without prejudice to any other relief to which complainant may be found entitled.

3. Plaintiff shall have and recover from defendant the sum of $2,160.79 for the use and benefit of its political subdivisions above referred to.

And it is further ordered that the costs, the expenses incurred by the special master and his compensation, to be fixed by the Court, shall be taxed against the defendant.