## NEW JERSEY *v.* NEW YORK CITY.

No. 10, original (October Term, 1934). Rule to Show Cause issued October 14, 1935.—Return to Rule presented November 18, 1935.— Decided December 9, 1935.

*Messrs. Paul Windels, Paxton Blair,* and *P. Fearson Shortridge* were on the brief in support of the motion for leave to file the petition on behalf of defendant.

*Mr. David T. Wilentz,* Attorney General of New Jersey, and *Mr. Duane E. Minard* were on the Return to the Rule to Show Cause on behalf of plaintiff.

DECREE, announced by MR. JUSTICE BUTLER.

On December 4, 1933, this Court " ordered, adjudged and decreed:

" 1. On and after July 1, 1934, the defendant, The City of New York, its employees and agents, and all persons assuming to act under its authority, be and they are hereby enjoined from dumping, or procuring or suffering to be dumped, any garbage or refuse, or other noxious, offensive or injurious matter, into the ocean, or waters of the United States, off the coast of New Jersey, and from otherwise defiling or polluting said waters and the shores or beaches thereof or procuring them to be defiled or polluted as aforesaid.

" 2. If defendant shall fail to comply with paragraph 1 of this decree by July 1, 1934, it shall pay to plaintiff $5,000.00 a day until it does so comply; such payments however are to be without prejudice to any other relief to which complainant may be found entitled." 290 U. S. 237.

October 7, 1935, defendant applied for leave to file a petition for construction or modification of the decree. The purpose of the petition is to obtain a ruling that the, dumping of sludge gathered by sedimentation and free of any matter capable of floating is not a violation of the decree. The petition states that the sludge consists of about 90 per cent. water and about 10 per cent. finely divided solids that settle to the bottom of the water, and in substance that no floating matter is included in the sludge; that defendant takes to sea about 4,000 tons of sludge per month and dumps it not less than ten miles from shore, and that the amounts dumped by defendant have ranged between one-twentieth and one-sixth of those dumped contemporaneously at the same place by the plaintiff or its political subdivisions.

The petition prays this Court to direct the State of New Jersey to show cause why (1) a ruling should not be made to the effect that the dumping of sludge, free

from any matter capable of floating, at places not less than 10 miles from any shore, is not a violation of the decree, or (2) in the alternative, why this Court should not modify the decree so as to permit defendant to dump non-floating sewage sludge as aforesaid.

The Court ordered that a rule issue requiring plaintiff to show cause why leave to file the petition should not be granted. November 15, 1935, plaintiff by its return consented to the filing of defendant's petition. And at the same time plaintiff filed its motion for the appointment of a special master with power to summon witnesses, to take testimony, "to make findings of fact and conclusions of law, respecting the allegations of the petition, and to submit the same to the Court with his recommendations, in respect to defendant's prayer therein."

Upon consideration of the premises, it is ordered, adjudged and decreed:

Defendant's motion for leave to file its petition is granted. The facts alleged therein do not constitute a violation of the decree of December 4, 1933. Plaintiff's return and motion are not sufficient to put in issue the allegations of defendant's petition or to show that defendant has failed to comply with the decree. Plaintiff's motion for the appointment of a special master is denied. This decree is without prejudice to any application that plaintiff may make under, in accordance with, or for the enforcement of, the decree of December 4, 1933.