*Decision will be entered under Rule 50.*

ESTATE OF EDITH M. FINDLAY, C. E. MERRILL, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104278.   Promulgated May 22, 1942.

*Richard P. Jackson, Esq.,* for the petitioner.
*Zalman N. Diamond, Esq.,* for the respondent.

OPINION.

HILL: This proceeding is for a redetermination of an income tax deficiency of $2,514.07 for the calendar year 1937. Of the several adjustments made by the Commissioner only the disallowance of a claimed loss in the amount of $25,667.40 is in issue. The facts as stipulated are adopted as our findings of fact and only those necessary for an understanding of the issue will be set forth.

Petitioner's return for the taxable year was filed with the collector for the second district of New York.

On June 21, 1933, Octavia Wilson Merrill, hereinafter referred to as testatrix, died a resident of Florida. On October 3, 1933, her will was duly admitted to probate in the County Judge's Court for Palm Beach County, Florida.

Edith M. Findlay, hereinafter referred to as decedent, died on December 20, 1936.

Decedent was one of the beneficiaries of the estate of the testatrix. The balance sheet of that estate as of December 20, 1936, at prevailing market prices of securities owned by that estate showed an excess of assets over liabilities in the amount of $740,078.92. The share of the decedent as of the date of her death was $124,463.04.

On April 1, 1937, the estate of the testatrix distributed to the estate of the decedent stocks, bonds and cash. The net amount of this distribution was $98,126.99, computed at the fair market value as of the date of distribution. No further distributions were made after June 2, 1937, when the remaining assets were distributed to the other legatee of the will of the testatrix. The assets of that estate had been entirely distributed at that time.

The sole issue of this proceeding is whether or not petitioner is entitled to deduct a claimed loss of approximately $26,000. The petitioner contends that the fair market value of decedent's interest in the estate of the testatrix at the time of decedent's death was about $124,000, and that this is the basis of the property in the hands of the petitioner. It then contends that since the fair market value of the property and cash distributed to it in 1937 was only about $98,000, it had a deductible loss upon the liquidation of the estate of the testatrix. Principal reliance is placed by petitioner upon *Joseph A. Guthrie*, 42 B. T. A. 696.

The position of the respondent is that the receipt of the property upon the liquidation of the estate of the testatrix is not a disposition within the meaning of the statute and therefore petitioner is not entitled to deduct any loss until there is some disposition of the property received.

We hold that petitioner did not sustain a deductible loss. In reaching this result we find it unnecessary to decide what basis the property has for gain or loss and we expressly refrain from deciding that question. However, assuming for the purpose of discussion that the basis is about $124,000 and even though the fair market value at the date of distribution by the estate of the testatrix was about $98,000, we can see no disposition within the meaning of section 111 (a), Revenue Act of 1936.[1] At decedent's death petitioner succeeded to decedent's undivided share or interest in the residuum of the estate of testatrix and thereby became a distributee of such estate. The estate was not distributed in undivided shares but was

---

[1] SEC. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF GAIN OR LOSS.

(a) COMPUTATION OF GAIN OR LOSS.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

partitioned between the distributees in proportion to their respective undivided shares on the basis of the fair market value at the time of distribution. The value of the property distributed to each of the distributees was therefore equivalent to the value of his undivided share. No loss recognizable for tax purposes was sustained by petitioner in respect of such property prior to its partitioning and distribution. We do not believe that the distribution of divided shares of the property instead of undivided shares thereof constituted a "sale or other disposition" of the latter within the meaning of the statute. Such operation amounted merely to the segregation of the undivided share of petitioner in the property and the distribution to it of such share so segregated.

Since the property received was not disposed of in the taxable year, we fail to perceive anything other than a mere fluctuation in value which does not give rise to a deductible loss. *Greenleaf Textile Corporation*, 26 B. T. A. 737; affd., 65 Fed. (2d) 1017; *Coalinga-Mohawk Oil Co.*, 25 B. T. A. 261; affd., 64 Fed. (2d) 262; certiorari denied, 290 U. S. 237.

Petitioner's reliance upon the *Guthrie* case is not well founded for in that case the taxpayer purchased a share in an estate. The estate was then liquidated and distributed in cash. That distribution terminated the taxpayer's interest and did so in cash, resulting in a closed and completed transaction. This is not true in the instant case. The property received by petitioner may well change in value again before any disposition so that no loss or even possibly a gain may be realized at that time.

*Decision will be entered for respondent.*