In re UNITED GAS CORPORATION et al.

Appeal of OKIN.

No. 9266.

Circuit Court of Appeals, Third Circuit.

Argued March 6, 1947.

Decided June 3, 1947.

Samuel Okin, of New York City, for appellant.

Sidney H. Willner, of Philadelphia, Pa. (Roger S. Foster, Sol., Harry G. Slater, Chief Counsel, Public Utilities Division, and Arnold R. Ginsburg, all of Philadelphia, Pa., on the brief), for Securities and Exchange Commission.

John F. MacLane, of New York City, for Electric Bond & Share Co.

George T. Naff, of Shreveport, La., and James L. Boone, of New York City, on the brief, for United Gas Corporation.

Daniel James, of New York City, on the brief, for Electric Power & Light Corporation.

Before BIGGS, GOODRICH, and O'CONNELL, Circuit Judges.

BIGGS, Circuit Judge.

The narrow question presented for adjudication is the propriety of an injunction issued by the lower court, in connection with approval of a plan submitted in accordance with Section 11(e) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(e).

The facts leading to this appeal are fully set forth in the excellent opinion of the court below. 58 F. Supp. 501. For our purposes, it need only be noted that the appellant is a minority shareholder of Electric Bond and Share Company, a public utility holding company with several subsidiary holding companies. The proceedings from which the instant case stems involve the United Gas Corporation, an operating public utility, subsidiary of one of the holding companies of Electric Bond and Share. After an exhaustive hearing on the various aspects of a plan of reorganization proposed as a means of effectuating the intent of the Public Utility Holding Company Act, the Securities and Exchange Commission submitted the plan as modified to the district court for approval and enforcement. The court carefully reviewed the plan, approved the findings of the Commission, and

found the plan fair and equitable. In its final order, the court approved of the plan, took exclusive jurisdiction over the company and its assets, and ordered compliance with the plan. As part of its order, the court included the following injunction:

"All creditors and stockholders of United (including the holders of warrants to purchase the common stock of United) Bond and Share and Electric and all other persons are hereby permanently enjoined and restrained from doing any act or taking any action interfering with, or tending to interfere with these transactions, or with the carrying out of the Plan or any part thereof, including the commencement or prosecution of any action, suit or proceeding at law or in equity or under any statute in any court, or before any executive or administrative officer, commission or tribunal other than such proceedings before the Commission or this court or the Circuit Court of Appeals as may be appropriate under the Act or the Rules and Regulations promulgated thereunder."

■ The appellant contends (a) that the Act permits an injunction to be issued only as specified in Section 18(f), 15 U.S.C.A. § 79r(f), (b) that, even if the court could issue an injunction, such injunction should not have been of a permanent nature; and (c) that the injunction is contrary to Section 265 of the Judicial Code, 28 U.S.C.A. §

379, and Section 19 of the Act of October 15, 1914, c. 323, 28 U.S.C.A. § 383.

The complete answer to the appellant's first contention is to be found in Section 11(e) of the Act, 15 U.S.C.A. § 79k(e).[1] This section specifically authorizes the Commission to apply for enforcement of the plan under Section 18(f). The Commission has acted precisely in accordance with the statutory requirements. As a necessary adjunct to its assumption of exclusive jurisdiction over United Gas Corporation and its assets, the court has seen fit to enjoin the initiation of legal proceedings elsewhere. In view of the length of time which had already elapsed in these reorganization proceedings, the amount of litigation which had ensued, and the stated purposes of the Public Utility Holding Company Act of 1935, we are hardly prepared to intimate that there was the slightest degree of impropriety in the action of the lower court; nor, as we interpret the facts, can it be seriously maintained that the clandestine purpose of the Securities and Exchange Commission was to secure this injunction rather than to unravel an extremely involved problem of capital reorganization.

■ The appellant's second contention points out that the injunction is of a permanent nature, while the court is not exercising permanent jurisdiction over the assets of United Gas.[2] We see no in-

---

[1] "In accordance with such rules and regulations or order as the Commission may deem necessary or appropriate in the public interest or for the protection of investors or consumers, any registered holding company or any subsidiary company of a registered holding company may, at any time after January 1, 1936, submit a plan to the Commission for the divestment of control, securities, or other assets, or for other action by such company or any subsidiary company thereof for the purpose of enabling such company or any subsidiary company thereof to comply with the provisions of subsection (b). If, after notice and opportunity for hearing, the Commission shall find such plan, as submitted or as modified, necessary to effectuate the provisions of subsection (b) and fair and equitable to the persons affected by such plan, the Commission shall make an order approving such plan; and the Commission, at the request of the company, may apply to a court, in accordance with the provisions of subsection (f) of section 79r of this chapter, to enforce and carry out the terms and provisions of such plan. If, upon any such application, the court, after notice and opportunity for hearing, shall approve such plan as fair and equitable and as appropriate to effectuate the provisions of this section, the court as a court of equity may, to such extent as it deems necessary for the purpose of carrying out the terms and provisions of such plan, take exclusive jurisdiction and possession of the company or companies and the assets thereof, wherever located * * *." 15 U.S.C.A. § 79k(e). (Emphasis supplied.)

[2] The court released jurisdiction over the assets of United Gas soon after consummation of the plan on November 27, 1944.

congruity in this fact. Section 18(f) specifically authorizes issuance of a permanent injunction. The court in its discretion has determined, on the basis of all the facts, that, while jurisdiction over the assets was unnecessary beyond a certain period, likelihood of interference with the plan after that time existed. We are not disposed to disagree with that conclusion. If the court can release its jurisdiction earlier through the issuance of a permanent injunction of proper scope, we cannot say that there has been an abuse of discretion.

■ Finally, the appellant contends that the injunction is in violation of Section 265 of the Judicial Code, 28 U.S.C.A. § 379, and Section 19 of the Act of October 15, 1914, 28 U.S.C.A. § 383.[3] As to Section 265, however, it is clear that federal courts may enjoin the institution of proceedings in state courts, when, as in the case *sub judice,* the federal court is hearing a proceeding in rem and has assumed exclusive jurisdiction. See Toucey v. New York Life Insurance Co., 1941, 314 U.S. 118, 135, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967 and cf. Porter v. Dicken, 1946, 328 U.S. 252, 255, 66 S.Ct. 1094, 90 L.Ed. 1203.

■ We are of the opinion that the injunction also meets the requirements of Section 19 of the Act of October 15, 1914. By the terms of the injunction the court below retains exclusive jurisdiction, a multiplicity of law suits may be avoided, and there may be a prompt and unimpeded execution of the plan of reorganization. These objectives are plainly within the purview of the Act. These reasons for the terms of the injunction are amply set out in the lower court's opinion. At the oral argument the appellant indicated to this court that perhaps he objected to the terms of the injunction because it might conceivably prohibit actions which he himself planned to institute. He did not state that he would institute any action or actions or say what would be the subject matter of his suit or suits if he saw fit to

bring any. But he hinted broadly and vaguely that he proposed to recapture substantial sums for himself and for the other stockholders of Electric Bond and Share Company by litigation. It is difficult indeed to frame an injunction *in nubibus* and it would be unfair to require the court below to shape its injunction so as to meet objections which the appellant sees fit not to assert with greater clarity.

The order appealed from will be affirmed.

O'CONNELL, Circuit Judge (concurring).

While I agree with the conclusions reached by the majority, I deem it desirable to add a comment concerning the scope of the injunction granted by the lower court. It is apparent that appellant's real objection to this injunction stems from uncertainty on his part as to what it forbids. Confronted with much the same situation, the Circuit Court of Appeals for the First Circuit, in Petition of Blatchley, 1946, 157 F.2d 894 at page 898, said: "It is not at all clear to us that the injunction in its present terms would forbid the commencement or prosecution of the sort of suits which Blatchley has in mind. However that may be, Blatchley has not yet asked the district court for either a clarification or modification of its injunction. If the injunction in its present form does forbid the institution of stockholders' suits seeking an accounting from the alleged wrongdoers, the district court is at liberty to make an appropriate modification of the injunction." This excerpt is all the more pertinent when it is noted that the injunction in Petition of Blatchley, supra, restrained any action interfering with "these proceedings," whereas the injunction in the instant case forbids any action interfering with "these transactions."

Recognizing the difficulty facing individuals affected by injunctions of somewhat comprehensive nature, the Supreme Court has stated: "If defendants enter upon transactions which raise doubts as to the applicability of the injunction, they may

---

[3] The provisions of Section 19 of the Act of October 15, 1914, 28 U.S.C.A. § 383, are incorporated in Rule 65 of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c.

petition *the court granting it* for a modification or construction of the order. Cf. New Jersey v. New York City, 296 U.S. 259, 56 S.Ct. 188, 80 L.Ed. 214. While such relief would be in the sound discretion of the court, we think courts would not be apt to withhold a clarification *in the light of a concrete situation* that left parties or 'successors and assigns' in the dark as to their duty toward the court. Enforcement orders are issued to effectuate the purposes of the Act, not for the entrapment of parties, and courts no less than parties desire to avoid unwitting contempts as well as to punish deliberate ones." Regal Knitwear Co. v. N. L. R. B., 1945, 324 U.S. 9 at page 15, 65 S.Ct. 478, 481, 89 L.Ed. 661; (emphasis supplied).

Review of the scope of this injunction, in my opinion, is premature, until appellant follows the course of action outlined above.