**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lewis D. CROCKETT and Ruth Emma**
**Crockett, Defendants-Appellants.**

**Nos. 86–1255, 86–1256.**

United States Court of Appeals,
Tenth Circuit.

Feb. 24, 1987.

As Amended on Denial of
Rehearing May 4, 1987.

David L. Norvell of Norvell & Glover, Albuquerque, N.M., for defendants-appellants.

Rick Smith, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., Don J. Svet, First Asst. U.S. Atty., Larry Gomez and Mark D. Jarmie, Asst. U.S. Attys., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before LOGAN and ANDERSON, Circuit Judges, and SAFFELS, District Judge.[*]

LOGAN, Circuit Judge.

Defendants, Lewis D. Crockett and Ruth Emma Crockett, pleaded guilty to an indictment charging conspiracy and possession with intent to distribute marijuana, in viola-

---

1. The district court suppressed several items seized from defendants' residence as being beyond the scope of the purported warrant. The transcript of the suppression hearing contains

tion of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2. The pleas were entered with a reservation of the right to appeal the district court's denial of defendants' motion to suppress marijuana and other evidence seized from premises owned or leased by defendants. On appeal defendants assert (1) that a purported search warrant under which the search and seizure were conducted did not meet the constitutional requirements of the Fourth Amendment; and (2) that evidence was seized within the curtilage surrounding their home or within an area otherwise protected by their reasonable expectation of privacy. Additionally, Lewis Crockett claims that a seven-year sentence imposed upon him was illegal in view of the charging language of the indictment.

Defendants occupied an approximately 8000–acre ranch in rural southeastern New Mexico, part of which they owned and part of which they leased from the United States. Law enforcement officers, during forays onto the ranch and observations from the surrounding area, saw what they believed to be a large patch of marijuana growing within a 260–acre fenced pasture that also contained the ranch house and outbuildings. The officers entered the pasture without the owner-lessees' permission, arrested the people found there, and eventually seized approximately 25,000 marijuana plants.

We do not consider whether the law enforcement officers had a proper or valid search warrant, because we hold that the major item seized, a large quantity of marijuana taken from a field commencing approximately one-quarter mile from defendants' residence, was clearly seized outside the curtilage and not protected by any recognized constitutional right.[1]

The search aspect of this case is controlled by *Oliver v. United States*, 466 U.S.

several oblique references to other evidence seized during a prolonged search of the guest house and other outbuildings surrounding the ranch house, but defendants have not identified these items or their location when seized. We therefore consider only the marijuana seizure in this appeal.

170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), which reaffirmed the open fields doctrine. The Supreme Court there said that

> "only the curtilage, not the neighboring open fields, warrants the Fourth Amendment protections that attach to the home. At common law, the curtilage is the area to which extends the intimate activity associated with the 'sanctity of a man's home and the privacies of life,' *Boyd v. United States,* 116 U.S. 616, 630 [6 S.Ct. 524, 532, 29 L.Ed. 746] (1886), and therefore has been considered part of the home itself for Fourth Amendment purposes."

*Id.* at 180, 104 S.Ct. at 1742. "[A]n individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home." *Id.* at 178, 104 S.Ct. at 1741.

In *Oliver,* state police, acting without probable cause or a warrant, entered a defendant's rural property, walked around a locked gate with a "no trespassing" sign, and discovered a field of marijuana over a mile from the defendant's home. The Supreme Court held that evidence from the marijuana field was admissible under the open fields doctrine, regardless of any subjective expectation of privacy the defendant may have had. The Court held that, in the case of open fields, property rights protected by the common law of trespass "have little or no relevance to the applicability of the Fourth Amendment." *Id.* at 184, 104 S.Ct. at 1744.

Although *Oliver* did not precisely define the extent of the curtilage, the Supreme Court's conception clearly would not include the entire 260–acre pasture in which the marijuana was discovered. The marijuana field itself, commencing approximately one-quarter mile from the defendants' residence, is too remote to be considered

part of the "area immediately adjacent to the home." *See Oliver,* 466 U.S. at 180, 104 S.Ct. at 1742; *United States v. Hoskins,* 735 F.2d 1006, 1007–08 (6th Cir.1984) (marijuana field one hundred yards from house not within curtilage); *United States v. Berrong,* 712 F.2d 1370 (11th Cir.1983) (marijuana field one-quarter mile from house not within curtilage), *cert. denied,* 467 U.S. 1209, 104 S.Ct. 2397, 81 L.Ed.2d 354 (1984); *United States ex rel. Saiken v. Bensinger,* 546 F.2d 1292, 1296 (7th Cir. 1976) (listing distances found to be within and without curtilage), *cert. denied,* 431 U.S. 930, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977). We hold that the district court properly admitted the evidence seized from the marijuana field.

Defendant Lewis Crockett also challenges the seven-year sentence he received under Count I of the indictment. He admits that the indictment was sufficient to charge him with conspiracy to violate 21 U.S.C. § 841(a)(1), possession with intent to distribute. But he argues that the indictment did not allege a critical element of the offense for which a sentence of up to fifteen years may be imposed under § 841(b)(1)(B)—i.e., possession of more than fifty kilograms of marijuana. Absent such an allegation of quantity, he argues, the district court was limited to imposing a maximum of five years under § 841(b)(1)(C).[2]

■ In *United States v. Alvarez,* 735 F.2d 461 (11th Cir.1984), the court held that the quantity of marijuana was a critical element of the offense charged under a former version of § 841(b)(6), and that without an allegation as to the quantity in the indictment, the trial court could not impose more than a five-year sentence following a guilty verdict. *Id.* at 468.

The court in *Alvarez* based its holding on two earlier Fifth Circuit decisions involving

**2.** Subparagraph (b)(1)(B) of 21 U.S.C. § 841 provides for a maximum fifteen-year imprisonment and $125,000 fine "except as provided in subparagraphs (A) and (C)." Subparagraph (C) provides for a maximum five-year imprisonment and $50,000 fine "[i]n the case of less than 50 kilograms of marihuana."

The conspiracy statute, 21 U.S.C. § 846, provides: "Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

18 U.S.C. § 659 (concerning goods stolen from interstate shipments) and 18 U.S.C. § 641 (concerning theft of government property). *See Packnett v. United States,* 503 F.2d 949 (5th Cir.1974); *Theriault v. United States,* 434 F.2d 212 (5th Cir.1970), *cert. denied,* 404 U.S. 959, 92 S.Ct. 310, 30 L.Ed.2d 282 (1971). Both statutes provide for up to ten years imprisonment for the stated offenses, unless the value of the property involved is $100 or less, in which case imprisonment may not exceed one year.

The circuit courts, including this one, have uniformly held that, while proof of value is not necessary to establish the lesser offense under either § 641 or § 659, value is an essential element which must be both alleged and proved before the greater penalty may be imposed. *Packnett,* 503 F.2d at 950–51 (§ 659); *Theriault,* 434 F.2d at 214 (§ 641); *Churder v. United States,* 387 F.2d 825, 832–33 (8th Cir.1968) (§ 641); *United States v. Ciongoli,* 358 F.2d 439, 441 (3d Cir.1966) (§ 641); *Robinson v. United States,* 333 F.2d 323, 326 (8th Cir. 1964) (§ 659); *Stevens v. United States,* 297 F.2d 664, 665 (10th Cir.1961) (§ 641); *United States v. Wilson,* 284 F.2d 407, 408–09 (4th Cir.1960) (§ 641); *United States v. Marpes,* 198 F.2d 186, 189 (3d Cir.1952) (§ 659). We think the analogy drawn in *Alvarez* between these statutes and 21 U.S.C. § 841(b) is convincing.

■ A plea of guilty constitutes an admission of all material facts well pleaded in the indictment, *Semet v. United States,* 422 F.2d 1269, 1272 (10th Cir.1970); *Crow v. United States,* 397 F.2d 284, 285 (10th Cir.1968), and is itself a conviction on the charges stated therein. *See Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Green v. Turner,* 409 F.2d 215, 216 (10th Cir.1969). A guilty plea is not, however, an admission of essential elements not stated in the indictment. *See United States v. Edring-*

*ton,* 726 F.2d 1029, 1031 (5th Cir.1984) (guilty plea does not waive jurisdictional defects such as failure of indictment to allege all essential elements of offense); *United States v. Broncheau,* 597 F.2d 1260, 1262 n. 1 (9th Cir.) (same), *cert. denied,* 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979).

■ Count I of the indictment sufficiently charged conspiracy to possess with intent to distribute a minimal quantity of marijuana, a violation of 21 U.S.C. §§ 846 and 841(a)(1) for which a prison term of up to five years may be imposed under § 841(b)(1)(C). Defendant Lewis Crockett therefore stands convicted of that charge. Because the indictment failed to allege that the conspiracy involved fifty kilograms or more of marijuana, however, the district court could not sentence Crockett to seven years imprisonment.[3]

The government argues that Lewis Crockett's rights were not prejudiced by the seven-year sentence, because he acknowledged before pleading guilty that he understood he could be sentenced to up to fifteen years, and because he must have known that a large quantity of marijuana was involved. We do not find these arguments persuasive. The defendant was entitled to and did plead guilty only to the charges on which he had been formally indicted. *See United States v. Smith,* 553 F.2d 1239, 1242 (10th Cir.1977) ("absence of prejudice to the defendant does not cure what is necessarily a substantive, jurisdictional defect in the indictment").

Therefore, while we affirm Lewis Crockett's conviction, we vacate Lewis Crockett's sentence and remand to the district court for resentencing in accordance with this opinion. Ruth Crockett's conviction and sentence are affirmed.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.

---

**3.** The government's citation of § 841(b)(1)(B) is not, by itself, a sufficient allegation of quantity. *See United States v. Jones,* 647 F.2d 696, 699 (6th Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981); *United States v. Camp,* 541 F.2d 737, 740 (8th Cir.1976); *United States v. Wabaunsee,* 528 F.2d 1, 4 (7th Cir.1975).