892 F.2d 1042
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darlene Pierce SAMUEL, Defendant-Appellant.
 No. 89-5603.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 1, 1989.
Decided: Nov. 29, 1989.
 
 William E. Martin, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, on brief, for appellant.
 Margaret P. Currin, United States Attorney, Solomon Wisenberg, Assistant United States Attorney; Thomas E. Booth, Department of Justice, on brief, for appellee.
 Before SPROUSE, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant stands convicted of unlawful possession of a stolen Social Security check in violation of 18 U.S.C. § 1708 and of uttering a stolen check in violation of 18 U.S.C. § 510. She claims error by the trial court in allowing the prosecution to introduce evidence of a prior conviction of conspiracy to possess stolen Social Security checks approximately five years prior to the present trial. She claims that even if the prior conviction was admissible under Federal Rule of Evidence 404(b), to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" it should have been excluded under Rule 403 because "its probative value is substantially outweighed by the danger of unfair prejudice." We find no merit to this exception, and we affirm.
 
 
 2
 In 1984 appellant entered a plea of guilty to a charge of conspiracy to possess stolen Social Security checks, to forge endorsements on the checks, and to utter the forged checks. The indictment alleged that appellant committed seven overt acts in furtherance of the conspiracy, and these overt acts had to do with specific checks that were forged and knowingly uttered. In the present indictment appellant was charged with possession of a stolen check and uttering a forged check. The check in question was issued to Herbert Bullock. It was in the amount of $161.00 and represented his monthly Social Security payment. Bullock lived in a boarding house owned by appellant's mother. The evidence showed that on November 5, 1986, appellant presented Bullock's check to a supermarket and asked the store owner to cash it, stating that it belonged to a relative. The owner testified that she did not normally cash such checks but since she knew the appellant as a regular customer, and appellant endorsed the check, it was cashed. The store owner testified that Bullock was not present at the time, and Bullock testified that he never received his check or any of the proceeds therefrom. Appellant testified that Bullock had accompanied her to the store to cash the check and that she had endorsed it because the store owner did not know Bullock.
 
 
 3
 The evidence of a prior conviction of a similar act was admissible under Rule 404(b) to prove motive, intent, plan, identity and absence of mistake. The trial judge was careful to instruct the jury as to the limited purpose for which this evidence was admitted. The scope of permissible evidence under Rule 403 is consigned to the sound discretion of the trial court, and we defer to the trial court's balancing under the rule, unless it is shown to be arbitrary or an irrational exercise of discretion. See Garraghty v. Jordan, 830 F.2d 1295 (4th Cir.1987). We find no abuse of discretion on the present facts.
 
 
 4
 The appellant argues that her prior conviction was to a count of conspiracy to possess other stolen and forged checks and that this did not include the overt acts. However, a plea of guilty constitutes an admission of all material facts well pleaded in the indictment, United States v. Crockett, 812 F.2d 626 (10th Cir.1987), and on appellant's prior conviction this would include the overt acts.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.