902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Parker INMAN, Defendant-Appellant.
 No. 89-3779.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1990.
 
 Before BOYCE F. MARTIN, Jr., and NATHANIEL R. JONES, Circuit Judges; and JOHN FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Mary Parker Inman appeals her sentence following a guilty plea to an indictment alleging several counts of distribution of cocaine and several counts of using a telephone to facilitate the distribution of cocaine. We affirm.
 
 
 2
 On March 9, 1989, Inman was indicted in an eight-count indictment charging four counts of distributing cocaine, in violation of 21 U.S.C. Sec. 841(a), and four counts of using a communications facility to facilitate the distribution of cocaine, in violation of 21 U.S.C. Sec. 843(b). Count 6 of the indictment charged Inman with the distribution of approximately ten grams of cocaine on or about November 6, 1988. In fact, the substance which was the subject of Count 6 was actually cocaine base, commonly referred to as "crack".
 
 
 3
 On May 15, 1989, Inman pled guilty to all eight counts in the indictment. At the plea proceeding, Inman was advised by the district court that the government's proof on Count 6 indicated that the substance actually charged was cocaine base instead of cocaine. The district court also informed Inman that if the court found that the guidelines allowed the inclusion of this fact, there was a greater penalty for the distribution of cocaine base than for cocaine. Inman indicated that she understood the potential ramifications of that finding.
 
 
 4
 Under the Federal Sentencing Guidelines, distribution or possession of 25-49 grams of cocaine results in a base offense level of 14. Sentencing Guidelines Sec. 2D1.1(c)(15). The aggregate amounts of cocaine alleged in the indictment, approximately 35.75 grams, would have resulted in a base level of 14 under this section. Under the Guidelines, possession of 10 grams of cocaine base and 25.75 grams of cocaine powder results in a base offense level of 26. Sentencing Guidelines Sec. 2D1.1(c)(9). Based on information in the presentence report that the 10 grams of cocaine alleged in Count 6 of the indictment was actually 10 grams of cocaine base, Inman's base offense level was found to be at level 26 and her criminal history category was found to be at IV, resulting in a sentence of 92-115 months.
 
 
 5
 On July 28, 1989, the district court sentenced Inman to 115 months in prison, five years of supervised release and a special assessment of $300.00.
 
 
 6
 Inman's sole contention on appeal is that the district court improperly enhanced her sentence based on the presentencing report's findings that the substance alleged in Count 6 was cocaine base, not cocaine.
 
 
 7
 Inman contends that because the indictment describes the substance in Count 6 as cocaine instead of cocaine base, she was not on notice that an enhanced offense would result from her pleading guilty to that indictment. Russell v. United States, 369 U.S. 749, 764 (1962). In Russell, the United States Supreme Court established a two-part test for the sufficiency of an indictment. First, the indictment must contain the elements of the offense charged and sufficiently apprise the defendant of what the defendant must be prepared to meet. Id. at 763-64. Second, the indictment must protect the defendant from future prosecutions for the same activities alleged in the indictment. Id.
 
 
 8
 Inman's argument is that had she known that the substance in Count 6 was cocaine base, not cocaine, she would not have pled guilty to the indictment. The government claims that Inman can show no prejudice from the error in the indictment. They argue that in situations where no prejudice can be shown by the defendant and the defendant waits for an appeal to assert her challenge, an appellate court will read the indictment liberally. United States v. Hart, 640 F.2d 856, 857-58 (6th Cir.), cert. denied, 451 U.S. 992 (1981). While we fail to understand why the government did not obtain a superseding indictment in this case, we do not feel that the indictment insufficiently charged Inman with the distribution of cocaine or fails to protect her from future prosecutions for the same activity.
 
 
 9
 Inman's complaint is not with the indictment, but with the enhanced penalty for distribution of cocaine base. Inman cites United States v. Crockett, 812 F.2d 626 (10th Cir.1987), which held that a defendant could not be sentenced under an enhanced penalty provision where the defendant pled guilty to an indictment which failed to allege either an enhanced penalty provision or possession of a quantity of drugs sufficient to invoke the enhanced penalty provision. "A guilty plea is not an admission of essential elements not stated in the indictment...." Crockett, 812 F.2d at 629.
 
 
 10
 Crockett was a pre-Sentencing Guidelines decision. The Sentencing Guidelines specifically allow the imposition of a sentence based on the amount and type of drugs involved even if they are not specified in the count of conviction. United States v. Sailes, 872 F.2d 735, 738-739 (6th Cir.1989); see Commentary to Sentencing Guidelines Sec. 1B1.3. Like the defendant in Sailes, Inman received ample warning prior to her tender of a guilty plea about the enhanced penalty provisions due to the fact that the substance in Count 6 was cocaine base.
 
 
 11
 First, at a pre-trial conference on April 4, 1989, Inman received discovery materials including lab reports reflecting that the substance was in fact cocaine base. On May 15, 1989, Inman's counsel was told by the Government that the substance in Count 6 was actually cocaine base and that there were increased penalties for cocaine base. The Government claims that Inman's counsel indicated his knowledge of this situation. At a meeting in the district court's chambers, the Government told the district court, in the presence of Inman's counsel, that the proof at trial would be that the substance in Count 6 was cocaine base. On May 15, 1989, the district court, prior to accepting the guilty plea, informed Inman that a greater penalty existed for distribution of cocaine base than cocaine.
 
 
 12
 Consequently, we hold that the indictment sufficiently charged Inman with distribution of cocaine. The enhanced penalty arising from the fact that the substance charged in Count 6 of the indictment was cocaine base is clearly allowed under the Sentencing Guidelines and Inman was fully aware of the enhanced penalties prior to her tender of her plea.
 
 
 13
 Inman's conviction and sentence are therefore affirmed.
 
 
 14
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 15
 In their fervor to advance the war on drugs, sentencing courts and the Sentencing Guidelines threaten to undo what the Fifth Amendment to the United States Constitution unquestionably guarantees: "The Fifth Amendment gives every indicted defendant the right to be tried only on charges made by the grand jury that indicted him. If he is to be convicted, the conviction must rest solely on the charges made by the indictment." United States v. Prejean, 494 F.2d 495, 497 (5th Cir.1974). In the instant case, the government did not even think it necessary to file a superceding indictment once it discovered that the substance charged in count VI was crack cocaine. This portrays a disregard for the Fifth Amendment requirement that a defendant be sufficiently apprised of the charges against him in an indictment.
 
 
 16
 Although I recognize that this court is bound by United States v. Sailes, 872 F.2d 735 (6th Cir.1989), which held that a sentence may be based on quantities of drugs not specified in the counts for which the defendant has been convicted, I write separately to caution my colleagues that the instant case illustrates how Sailes and the Sentencing Guidelines' could deprive defendants of their constitutional right to be sufficiently apprised of the essential facts against which they must defend. See Russell v. United States, 369 U.S. 749, 763 (1962). I agree that in this case Inman can show no prejudice because she was timely informed of the consequences of her guilty plea to count VI. However, I continue to be troubled by the shortcut the Sentencing Guidelines provide the government to informing a defendant of the essential elements of the charges against her. As to the essential elements of a charge, a court should be bound by the charging instrument even at the sentencing stage, for if the sentence can be based on types and quantities of drugs not specified in the counts of the indictment, the government's incentive to use the charging instrument consistently with its constitutionally mandated purposes is severely reduced.
 
 
 17
 No matter how committed to eradicating the drug problem courts and the Sentencing Commission may be, their zeal should be tempered by respect for the Constitution. This nation disregarded the Constitution during World War II when it permitted the mass confinement of citizens of Japanese descent in order to protect against perceived threats of espionage and sabotage. See, e.g., Korematsu v. United States, 323 U.S. 214 (1944). We live in shame of this chapter of our history even today. We should not again emasculate the Constitution, this time for the sake of the war on drugs. Yet, I fear that such is the course upon which we have embarked, a course which we, as judges, and as citizens, may come to regret.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation