930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary A. FISHER, Defendant-Appellant.
 No. 90-4142.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Fisher appeals the denial of his motion to correct an allegedly illegal, pre-United States Sentencing Guidelines sentence.
 
 
 3
 Mr. Fisher pled guilty to two counts of a multi-count indictment including drug related charges. He was then convicted as charged for conspiracy and possession with intent to distribute "approximately one (1) kilogram" of cocaine. The court sentenced Mr. Fisher to probation for five years on the conspiracy count and to five years incarceration plus a special parole term of three years on the possession count. Mr. Fisher subsequently filed a motion under Fed.R.Crim.P. 35(a) to correct an illegal sentence wherein he challenged only the special parole term. The district court denied this motion with a summary order, dated August 15, 1990.
 
 
 4
 Mr. Fisher appeals pro se asserting that a special parole term could not be imposed. The question we must answer is: Under which penalty section of the law was Mr. Fisher sentenced? Mr. Fisher contends he was sentenced under 21 U.S.C. Sec. 841(b)(1)(A), which provides for a maximum sentence of twenty years with no special parole term. The Government contends Mr. Fisher was sentenced under 21 U.S.C. Sec. 841(b)(1)(B), which provides a maximum sentence of fifteen years and authorizes a special term of parole to be imposed.[1]
 
 
 5
 21 U.S.C. Sec. 841 is a lengthy statute. Section 841(a) defines the crime. The two subsections afore cited define the penalties. The subsection Mr. Fisher cites as the controlling statute is applicable only if the violation involved one kilogram or more of cocaine. The subsection the Government cites as controlling is applicable only if the violation involved less than one kilogram of cocaine.
 
 
 6
 The indictment charged Mr. Fisher with possession of "approximately one (1) kilogram of a mixture containing cocaine." Mr. Fisher pled guilty to this indictment. The court, in accepting the factual basis of the plea, made no factual finding concerning the quantity of drugs involved. Because there was neither an allegation of the required minimum quantity (one kilogram or more), nor a finding by the court of a kilogram or more, the court could not have properly imposed an enhanced sentence under Sec. 841(b)(1)(A). United States v. Crockett, 812 F.2d 626, 629 (10th Cir.1987). The district court was therefore required to sentence under Sec. 842(b)(1)(B), as contended by the Government.
 
 
 7
 Crockett also directs our focus to the indictment, rather than to understandings evidenced in the plea agreement. See 812 F.2d at 629. ("The defendant was entitled to and did plead guilty only to the charges on which he had been formally indicted.") For this reason, the plea agreement's failure to modify the drug quantity with the word "approximately"--as did the indictment--is insignificant.
 
 
 8
 Mr. Fisher, prior to his guilty plea, acknowledged in writing that the court could impose a maximum prison term of fifteen years and that the court would impose a special parole term of not less than three years. This evidences prior knowledge that he was being sentenced under the more lenient of the two statutory provisions. Moreover, though Mr. Fisher correctly notes that the plea bargain misstated the possible fine under Sec. 841(b)(1)(B) by indicating $250,000 rather than $125,000, see id. at 1, this error avails him nothing. Mr. Fisher was not fined for his offense, and the error does not go to the substantive, jurisdictional adequacy of the indictment for which he was convicted. See Crockett, 812 F.2d at 629.
 
 
 9
 When a sentence does not comport with the enhanced penalty provisions of Sec. 841(b), that is, when a defendant receives a more lenient sentence under a section for which no specific quantity of narcotics is required, the sentence under the more lenient standard is legal. United States v. Morgan, 835 F.2d 79, 81 (5th Cir.1987).
 
 
 10
 Mr. Fisher relies upon United States v. Ward, 696 F.Supp. 247 (W.D.Tex.1988) as controlling. Ward is inapplicable. Ward was specifically sentenced to a special parole term under Sec. 841(b)(1)(A). Mr. Fisher also cites United States v. Santamaria, 788 F.2d 824 (1st Cir.1986). Santamaria is also distinguishable for the same reason.
 
 
 11
 The judgment of the district court denying Mr. Fisher's motion to correct an illegal sentence is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 United States v. Garcia, 879 F.2d 803 (10th Cir.1989) explains the history and purposes of the sentencing statutes in question here. Garcia gives some flavor of the numerous amendments to Sec. 841 enacted in the mid-1980's. See id. at 804-05