**Fernando ARBELAEZ–OSORIO,
Petitioner,**

**v.**

**UNITED STATES of America,
Respondent.**

**No. CV–91–3049.**

United States District Court,
E.D. New York.

April 13, 1992.

Petitioner, pro se.

Judith Lieb, Asst. U.S. Atty., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

On June 4, 1986, the petitioner, Fernando Arbelaez–Osorio, pleaded guilty to a charge that he, in violation of 21 U.S.C. § 841(a)(1), knowingly and intentionally possessed an unspecified amount of cocaine with intent to distribute. On July 29, 1986, Judge Henry Bramwell sentenced Arbelaez–Osorio to a fifteen-year term of imprisonment, a twenty-year term of special parole, a fine of $125,000.00, and a special assessment of $50.00. On August 25, 1988, this court granted Arbelaez–Osorio's motion under Federal Rule of Criminal Procedure 35(b) for a reduction of his sentence; at that time, this court reduced his term of imprisonment to twelve years. Arbelaez–Osorio now petitions this court, pursuant to 28 U.S.C. § 2255, for an order to vacate, to correct, or to set aside his sentence. However, the petition and the record of petitioner's guilty plea indicate conclusively that the petitioner is not entitled to relief; accordingly, an evidentiary hearing is not warranted, and the petition is denied in its entirety.

## 1. *Ineffective Assistance of Counsel*

Petitioner first predicates his motion on a claim of ineffective assistance of counsel. He contends that his attorney erroneously advised him that the court, in passing sentence on petitioner, would not consider any evidence of petitioner's alleged possession of a cache of 138 kilograms of cocaine; petitioner states that his lawyer advised him that the court would only consider that petitioner had been arrested with three kilograms of cocaine in his possession. It was on the basis of this representation, the petitioner avers, that he decided to enter a plea of guilty to the second count of a three-count indictment (possession with intent to distribute). Indeed, at the time that petitioner pleaded guilty to this second count, he had already withdrawn a guilty plea to the third count

of the indictment; it was that third count that concerned the cache of over 130 kilograms of cocaine. The petitioner refers the court to that withdrawn guilty plea as evidence of his position that he would not have pleaded guilty to the second count of the indictment if his attorney had not told him that the sentencing court would not consider the allegations on which the third count was based.

The sentencing court did indeed consider the evidence that underlay the third count when it sentenced petitioner on the second count. Judge Bramwell specifically credited the proffer by the government as to the petitioner's constructive possession of those 138 kilograms of cocaine, and—in part on that consideration—Judge Bramwell sentenced the petitioner to the maximum term of imprisonment on the second count of the indictment. Transcript of Sentencing, 7/29/86, at 24–26. It is the allegedly erroneous advice by his lawyer as to Judge Bramwell's consideration of that factor in sentencing that the petitioner now argues to have constituted ineffective assistance of counsel.

A challenge based on a claim of ineffective assistance of counsel is a constitutional challenge. *Strickland v. Washington,* 466 U.S. 668, 684–87, 104 S.Ct. 2052, 2062–64, 80 L.Ed.2d 674 (1984). By his plea of guilty, a defendant forfeits his rights to "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). The petitioner may, however, attack the voluntary and intelligent character of his guilty plea by demonstrating that his attorney's "advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 266–67, 93 S.Ct. at 1607–08 (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). In *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Supreme Court held the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984), to apply to challenges of guilty pleas based on claims of ineffective assistance of counsel. To satisfy *Strickland,* a defendant must demonstrate "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 687–88, 694, 104 S.Ct. at 2064–65, 2068.

The petitioner refers this court to *United States v. Rodriguez–Luna,* 937 F.2d 1208, 1215 n. 8 (7th Cir.1991), for the proposition that the error of counsel alleged here—that is, misadvice about conduct that may be considered at sentencing—can suffice to establish a claim of ineffective assistance of counsel. However, this court notes initially that the court in *Rodriguez–Luna* appeared to be concerned primarily with such erroneous advice in the context of offenses to which the sentencing guidelines apply. In those cases, consideration of alleged offenses of which a defendant has not been convicted may increase a base offense level; hence, a defendant in that circumstance could be confronted with a sentencing guideline range with a higher maximum than his lawyer may have led him to expect. However, in the context of offenses to which the guidelines do not apply—such as that of this petitioner—the uncharged crimes do not increase the statutorily prescribed maximum sentence; as such, the defendant may receive a sentence more harsh than that predicted by his attorney, but the maximum possible sentence—fixed, as it is, by statute—should conform to his understanding and to his expectations. Thus, the *Rodriguez–Luna* analysis about this genre of error by counsel applies with greater force to the case of an offense in which the sentencing is conducted under the strictures of the guidelines.

Moreover, the law of the Second Circuit has been clear both before and after the imposition of the guidelines that "a defendant [is] not entitled to withdraw a guilty plea simply because his attorney erroneously predicted his sentence." *United States v. Sweeney,* 878 F.2d 68, 70 (2d Cir.1989). This principle is particularly applicable in those cases when the court informs a defendant of the maximum possible sentence that he may receive before it accepts his guilty plea. *Wojtowicz v. United States,* 550 F.2d 786, 792 (2d Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2938, 53 L.Ed.2d 1071 (1977). To the extent that misguidance about sentencing factors is only an element of an attorney's prediction as to a defendant's sentence, such misguidance is clearly the lesser error and is, accordingly, subsumed by the *Sweeney* and the *Wojtowicz* analyses.

In this case, Judge Bramwell asked the defendant whether anyone had told him to expect a particular sentence, and the Judge informed the defendant of the maximum sanctions applicable to the offense for which he was about to enter a plea of guilty:

> THE COURT: Ask the defendant if he knows of any other promises by anybody [other than that of the plea agreement].
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Ask the defendant if he has been threatened or coerced in any way into pleading guilty.
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Ask if he knows that the maximum sentence that may be imposed is a prison term of 15 years and/or $125,-000 fine plus a special parole term of at least three years.
>
> THE DEFENDANT: Yes, sir.
>
> .　　.　　.　　.　　.
>
> THE COURT: Ask him if his lawyer has made any prediction or expressed any opinion as to what sentence will be imposed?
>
> THE DEFENDANT: No, sir.

Transcript of Plea, 6/4/86, at 7–8. The answers to the inquiry of the court given by the petitioner himself at the time of his guilty plea demonstrate that his claim of ineffective assistance of counsel is without merit. The petitioner himself indicated that he had been promised nothing with respect to his sentence, that he understood that he could receive a maximum of fifteen

years of imprisonment, and that his lawyer had made no prediction and had expressed no opinion as to his sentence. This last point alone vitiates the petitioner's claim that he was misadvised about what factors the court could consider at sentencing: The court asked the petitioner whether his lawyer had opined about his sentence, and the petitioner indicated that no opinion had been given. But that answer is fundamentally inconsistent with petitioner's newer claim that his attorney advised him that the sentencing court would not consider the constructive possession of 138 kilograms of cocaine: Clearly, that remark of counsel—if it had been made—would only have been relevant to the petitioner's thinking to the extent that it affected his probable sentence. As such, the contention raised now by petitioner that his lawyer had misinformed him about his sentencing cannot be reconciled with the statements that the petitioner made to the court at the time of his guilty plea.

And, finally, even if his lawyer had in fact told the petitioner that the court would not consider the allegations about the petitioner's constructive possession of 138 kilograms of cocaine, the petitioner was fully apprised of the relevant sentencing range. Unlike the defendant in *Rodriguez–Luna*, this petitioner was simply sentenced to the maximum of the statutory range; the defendant in *Rodriguez–Luna* had in fact been sentenced in the middle of a guidelines range that was considerably higher than the range his attorney had led him to believe was applicable. Because Judge Bramwell made clear to the petitioner that he could be sentenced for fifteen years of imprisonment, any possible misguidance by his attorney could not have affected the petitioner's reasonable expectations about sentencing. In other words, although the petitioner may have hoped for a lesser sentence, his representations to Judge Bramwell—and Judge Bramwell's representations to him—ensured that the sentence he did receive was not beyond the range that the petitioner reasonably anticipated when he entered his guilty plea.

### 2. *The Term of Special Parole*

■ Second, the petitioner argues that the sentencing court unlawfully imposed on him a twenty-year term of special parole. The petitioner correctly points out that the second count of the indictment—the count to which he pleaded guilty—was predicated on his possession of three kilograms of cocaine. As such, he argues, he should have been sentenced with reference to 21 U.S.C. § 841(b)(1)(A) rather than with reference to 21 U.S.C. § 841(b)(1)(B). Section 841(b)(1)(A) is ostensibly designed to provide harsher penalties for drug offenders whose crimes involve transactions with certain quantities of specific drugs; by contrast, Section 841(b)(1)(B) provides lesser penalties for offenders whose illegal transactions involve smaller amounts of drugs. By a twist of legislative fate, however, Section 841(b)(1)(A)—the harsher penalty provision—did not provide for the imposition of terms of special parole either at the time that this petitioner committed his offense or at the time that he was sentenced by Judge Bramwell. Petitioner thus argues that because the amount of cocaine of which he admitted possession satisfied the threshold for the harsher penalty provision of Section 841(b)(1)(A), he should have been sentenced under that section. As such, he argues, the sentencing court was not authorized to impose on him any term of special parole.

The petitioner does not and cannot, however, dispute that because the amount of cocaine that he possessed satisfied the quantitative minimum of Section 841(b)(1)(A), it necessarily satisfied as well the lower quantitative minimum of Section 841(b)(1)(B). Further, he does not dispute that the count of the indictment to which he pleaded guilty specifically invoked the sentencing provision of Section 841(b)(1)(B)—not that of Section 841(b)(1)(A). But it is precisely the charge of the indictment that is dispositive. It is "the charge to which he pleaded guilty ... [that] determined the sentence to be imposed" on the petitioner. *United States v. De La Torre*, CR–86–0928 (E.D.N.Y. Aug. 29, 1989).

In this regard, *United States v. Crockett*, 812 F.2d 626, 629 (10th Cir.1987), does

not support the position for which the petitioner cites it. *Crockett* involved an attempt by the government to have the defendant sentenced under the harsher penalty provision. As with the petitioner here, the defendant in *Crockett* had pleaded guilty a charge of possession of drugs— but, as here, that charge did not allege the quantitative minimum necessary to apply a harsher penalty provision. For that reason, the court held that the defendant could only be sentenced to the lesser penalty— the penalty applicable to the count for which he had pleaded guilty. The only difference between *Crockett* and this case is that the defendant there argued for the more lenient penalty provision whereas the petitioner here argues for the harsher statute. But that harsher penalty provision is equally inapplicable to both cases.

### CONCLUSION

Because the petition is meritless, an evidentiary hearing is not warranted, and summary dismissal of the petition is appropriate. The petition is hereby dismissed.

SO ORDERED.