UNITED STATES of America, Appellee,

v.

Marilyn Mae OLNESS, also known Marilyn Mae Nix, also known as Marilyn Mae Thornell, Appellant.

No. 93–1360.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1993.

Decided Nov. 18, 1993.

Glenn P. Bruder, Minneapolis, MN, argued, for appellant.

Andrew Stephen Dunne, Minneapolis, MN, argued (Francis X. Hermann and Andrew Dunne, on the brief), for appellee.

Before JOHN R. GIBSON, MAGILL, and LOKEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Marilyn Mae Olness appeals her conviction of conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846 and 841(b)(1)(B) (1990) entered on a guilty plea. The only issue on appeal is the propriety of the imposition of a ten year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii). Olness argues that the indictment did not allege the specific amount of cocaine base involved in the conspiracy, and accordingly that the mandatory minimum sentence should not have been imposed. We affirm the judgment of the district court[1].

Olness was charged in a seven-count indictment and pleaded guilty to Count I, conspiracy to possess with intent to distribute and to distribute cocaine base. Counts II through VII, containing individual transactions of distributing cocaine base, were dismissed, but she executed a written plea agreement acknowledging that a total of 63 grams of cocaine base were involved in Counts II through VII of the indictment which resulted in a base offense level of 32 under the applicable sentencing guideline.

1. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

She and the government disagreed with respect to the applicability of the mandatory minimum ten year term of imprisonment.[2] Count I of the indictment did not allege any particular quantity involved in the conspiracy, and Olness argues that the district court was thus precluded from applying the mandatory minimum sentence. Rejecting her argument, the district court imposed the ten year mandatory minimum sentence.

On appeal, Olness argues that the district court's imposition of the mandatory sentence was in error. She relies specifically on the dissenting opinion of Judge Bright in *United States v. Wood,* 834 F.2d 1382, 1390 (8th Cir.1987), as well as opinions from other circuits: *United States v. Alvarez,* 735 F.2d 461, 467–68 (11th Cir.1984); *United States v. Crockett,* 812 F.2d 626, 629 (10th Cir.1987). Her argument is that these cases require that the indictment contain the quantity involved in order to support the imposition of the mandatory minimum sentence.

 The shortcoming of Olness' argument is demonstrated by the opinion of this court in *Wood,* 834 F.2d at 1382, 1388–90, holding that quantity is not an element of the offense, but rather a sentencing factor that need not be charged in order to impose a mandatory minimum sentence. We are bound to follow the decision of another panel, which becomes the law of the circuit. Only the court en banc may overrule an earlier decision and adopt a differing rule of law. Even if we were free to depart from the rule in *Wood,* we would not do so because we are fully satisfied that *Wood* was correctly decided.

Judge Bright's dissent in *Wood,* upon which Olness relies, placed great emphasis on *Alvarez,* 735 F.2d at 461, in which the Eleventh Circuit held that because the quantity of drugs was an element of the offense, an enhanced sentence could not be imposed unless the indictment stated the quantity. In *Wood,* the court's opinion and the dissent focused on the relative strengths and weaknesses of *Alvarez.* We need not reiterate this discussion because in *United States v. Perez,* 960 F.2d 1569, 1574 (11th Cir.1992),

*cert. denied,* ── U.S. ──, 113 S.Ct. 1421, 122 L.Ed.2d 790 (1993), the Eleventh Circuit expressly stated that *Alvarez* was no longer to be followed in that circuit. The court in *Perez* recognized that *Alvarez* was decided prior to both *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), in which the Supreme Court held that the prosecution need only prove beyond a reasonable doubt the elements of an offense, and *United States v. Williams,* 876 F.2d 1521, 1524–25 (11th Cir.1989), in which the Eleventh Circuit determined that the quantity of a controlled substance triggering enhanced penalties is not an element of a section 841(a)(1) offense. Concluding it was no longer appropriate to follow the rule articulated in *Alvarez,* the court in *Perez* ruled that an enhanced sentence can be imposed even if no quantity is specifically alleged in the indictment.

Similarly, Olness' reliance on *United States v. Crockett,* 812 F.2d 626, 629 (10th Cir.1987), in which the Tenth Circuit required that the indictment contain the quantity involved in order to impose a mandatory minimum sentence, is misplaced. In *United States v. Morehead,* 959 F.2d 1489, 1510 (10th Cir.1992), *aff'd on other grounds,* 971 F.2d 1461 (10th Cir.1992), the Tenth Circuit departed from *Crockett,* and held that a failure to allege the quantity involved does not preclude the imposition of a mandatory minimum sentence under 21 U.S.C. § 841. *Id.* at 1511.

 We are unpersuaded by Olness' argument that she did not receive notice of the potential imposition of the ten year mandatory minimum sentence. Olness was notified in the plea agreement that the government sought to have the ten year mandatory minimum sentence imposed because of transactions involving 63 grams of crack cocaine. The district court found as a fact that Olness had distributed more than 50 grams of a mixture or substance which contains cocaine base, and accordingly, the ten year mandatory minimum required by 21 U.S.C. § 841(b)(1)(A)(iii) must be imposed.

---

**2.** Under 21 U.S.C. § 841(b)(1)(A)(iii), "any person who has [distributed] 50 grams or more of a mixture or substance [which contains any quantity of] cocaine base ... shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life...."