HARTZ, Circuit Judge,
concurring in part and dissenting in part:
I agree that Mr. Lee has not established a violation of his privilege against self-incrimination and is not entitled to a COA on his double-jeopardy claim. I would, however, grant a COA on his due-process claim and remand for further proceedings.
I. DISAGREEMENT WITH MAJORITY
My disagreement with the majority relates to what it means to plead guilty to a charge that a discrete offense was committed at some point within an extended time period. The majority believes that such a plea constitutes an admission that the defendant committed the offense at some time during the final two-thirds of that period. I cannot accept that proposition.
This_ point is important in the case before us because, as we all agree, it would have been improper to sentence Mr. Lee to 15 years’ imprisonment on Count V unless he committed the sexual assault on or after July 1, 1997, the effective date of the statute increasing the maximum penalty from five years to fifteen. Mr. Lee’s due-process claim, relying on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (handed down while his case was on direct appeal), is that he was improperly sentenced to 15 years’ imprisonment because no jury found, and he did not admit, that the offense occurred after June 30,1997.
The majority opinion avoids addressing the legal component of this contention by rejecting the factual premise. It concludes that the Wyoming Supreme Court’s ruling that “Lee admitted to engaging in wrongful conduct after July 1, 1997, ... is amply supported by the record on appeal (in particular the transcript of Lee’s guilt plea hearing)----” 451 F.3d 608. I disagree. Mr. Lee’s plea to Count V did not constitute an admission that he committed the crime after July 1, 1997; nor did his statements at the hearing.
Count V states:
On or between October 4, 1996, and December 31, 1998, in Campbell County, Wyoming, Defendant did unlawfully inflict sexual intrusion on a victim, when at the time of the commission of the act, the victim was less than sixteen (16) years of age and the actor was at least four (4) years older than the victim, *610 specifically: Defendant did perform oral sex with LB, whose date of birth is October 4, 1985, in violation of Wyoming Statute § 6 — 2—304(a)(i), § 6-2-306, and § 6-10-102, a felony.
Of the three statutes cited in the charge, §§ 6-2-306 and 6-10-102 relate to penalties. The offense is defined in § 6-2-304(a)(i), which states:
(a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:
(i) The actor is at least four (4) years older than the victim and inflicts sexual intrusion on a victim under the age of sixteen (16) years....
Thus, the offense alleged in Count V is a discrete act occurring at one point in time, not a continuing offense. As the Wyoming Supreme Court wrote on Mr. Lee’s appeal:
To obtain a conviction for sexual assault in the third degree of LB, the state needed only to prove the elements of the crime set out in § 6 — 2—304(a)(i); e.g., the defendant committed sexual assault ... by inflicting sexual intrusion on LB who was under the age of sixteen years and the defendant was more than four years older.
Lee v. Wyoming, 36 P.3d 1133, 1138 (Wyo.2001).
The error of the Wyoming Supreme Court, seconded by the majority opinion, is in saying, “Mr. Lee pleaded guilty to the charge of third-degree sexual assault on L.B., admitting the crime occurred at anytime between the dates of October 4, 1996, through December 31, 1998, a time frame which extended over a year and a half beyond the July 1, 1997, effective date of the new sentencing statute.” Id. at 1138—39 (emphasis added). That is patently incorrect. Mr. Lee’s plea did not admit that he committed the assault “at anytime” in the alleged period; it just admitted that he committed the assault at some time within the period. That time could well have been before July 1, 1997. The sentencing court would have acted properly in accepting the plea to Count V if Mr. Lee had admitted committing the offense specifically on October 5, 1996; on January 1, 1997; on June 30, 1997; or on any other date before July 1, 1997, and within the alleged period. (Of course, it could also have accepted the plea if Mr. Lee had admitted committing the offense on a specific date after July 1, 1997, and within the alleged period.) A simple plea to the indictment, without more, did not, and could not, establish that the offense occurred after July 1,1997.
The indictment’s reference to “on or between October 4, 1996, and December 31, 1998” was not, as in a conspiracy charge, for the purpose of charging that a continuing offense was ongoing throughout that entire period. Rather, as is often the case with child-sexual-abuse offenses, the victim was unable to give precise dates for the offense, so the indictment had to be imprecise concerning the time of the offense. See, e.g., State v. Altgilbers, 109 N.M. 453, 786 P.2d 680, 693-95 (Ct.App.1989). The indictment is saying that the grand jury could not be sure when the offense occurred, but it was some time within the 27-month period. Indeed, if the state could have proved, say, four specific incidents of sexual assault on L.B. on specific dates between October 4, 1996, and December 31, 1998, Mr. Lee could have been charged with four separate counts. In short, by pleading guilty to Count V, Mr. Lee was not admitting that he committed a sexual assault after June 30, 1997. He was admitting only that he committed an assault on some date during the 27-month period stated in Count V, and that date could just as well have been before July 1, 1997, as afterwards. To say that a plea to *611 Count V constitutes an admission that the offense was committed after July 1, 1997, is like saying that one who pleads guilty to possession of more than an ounce of heroin thereby admits possessing a ton of heroin, or any other quantity exceeding an ounce. Cf. United States v. Crockett, 812 F.2d 626, 629 (10th Cir.1987) (plea to charge of conspiracy to possess marijuana with intent to distribute did not admit that conspiracy involved more than 50 kilograms of marijuana).
Nor did Mr. Lee say anything at the plea hearing that added any greater precision to his admission. On the contrary, when asked by the judge if he could be any more definite, he said that he could not. Thus, there is no evidence to support a finding that Mr. Lee admitted at his plea hearing that he had committed a sexual assault after June 30, 1997. I would hold, as required by 28 U.S.C. § 2254(e)(i), that the Wyoming Supreme Court clearly erred in making that finding.
Believing as I do that Mr. Lee did not admit at his plea hearing that he had committed the charged offense after the effective date of the statute permitting imposition of a 15-year sentence, I would not summarily dispose of Mr. Lee’s due-process claim by denying a COA. Rather, as explained below, I would grant a COA on that claim because (1) he raises a substantial constitutional claim based on Ap-prendi; and (2) although I would hold that the claim is procedurally barred by failure to exhaust state remedies, a reasonable jurist might find no procedural bar when giving the matter the mere first look described in Miller-El v. Cockrell, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (the COA determination is a threshold inquiry that “does not require full consideration of the factual or legal bases adduced in support of the claims”). Thus, Mr. Lee has satisfied the requirements for a COA set forth in Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (merits of claim and procedural bar must be debatable to justify COA).
I begin by addressing exhaustion. To analyze that issue I first describe Mr. Lee’s argument to the Wyoming Supreme Court, then summarize his argument to this court (which I believe to have substantial merit), and then conclude that his state-court argument did not fairly present the argument he now makes. Finally, I turn to what I believe to be the proper disposition of this appeal.
II. EXHAUSTION
AEDPA provides that a state prisoner’s application for habeas relief may not be granted unless the prisoner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). In Picard v. Connor, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the United States Supreme Court explained: “We emphasize that the federal claim must be fairly presented to the state courts.... Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies.” Id. (emphasis added); see also Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir.1989) (discussing fair-presentation requirement).
A. Mr. Lee’s State Appeal
The pertinent section of Mr. Lee’s brief to the Wyoming Supreme Court carried the heading: “The trial court committed error in allowing the State to supplement the factual basis after sentencing.” Aplee. App. at 24. Over the course of the seven-page discussion under this heading, Mr. Lee argued the sentencing judge’s lack of authority under the Wyoming Rules of Criminal Procedure to supplement the rec *612 ord; the judge’s error in adding “extra innings to a baseball game,” id. at 26; the judge’s violation of Rule 11 of the Wyoming Rules of Criminal Procedure, which relates to guilty pleas; and, finally, the alleged violation of double-jeopardy principles arising from the record supplementation. The two paragraphs containing the double-jeopardy argument were as follows:
The law changed and all parties failed to notice. Those kinds of things can and do happen. The problem is with how the prosecution and the trial court tried to sweep the mistakes under the rug by belatedly changing the facts to fit the action previously taken. However, the State’s failure to take into account a changed law is not a good reason to throw the Constitution out on its ear. Ignorance of the law is not an excuse. The Fifth Amendment gives very clear protection against double jeopardy in criminal prosecutions, and the state’s supplementation of the record is an example of what the Fifth Amendment is designed to protect against. By adding to the record after-the-fact, the State sought to justify a sentence three times longer than the sentence which was permissible under the facts as they existed at the time sentence was imposed. That, in effect, violates double jeopardy. See U.S. Const. Amends. V, XIV; Wyo. Const.Art: 1, § 11.
In effect, the State sought a second bite at the sentencing apple because it failed to ensure that a valid sentence was imposed in the first instance. The trial court, by permitting the State retroactively to justify the illegal sentence, with “supplemental” evidence, threw all notions of due process out the window. The hearing at which the State supplemented the record, with the introduction of vague hearsay evidence, can not be said to comport with the due process standards necessary to prove a “fact” which would triple Mr. Lee’s maximum sentencing exposure. See, e.g., Apprendi v. New Jersey, [530 U.S. 466] 120 S.Ct. 2348 [147 L.Ed.2d 435] (U.S.2000) (full due process protections apply with regard to any fact which can increase a sentence beyond the otherwise available statutory maximum).
Id. at 29-30.
The Wyoming Supreme Court responded to Mr. Lee’s citation of Apprendi by expressing puzzlement at its purpose:
Mr. Lee also complains that the sentencing process somehow raised a double jeopardy issue. However, this claim is supported merely by reference to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Apprendi, the United States Supreme Court found a New Jersey state statute unconstitutional because it removed determination of one of the elements of a felony offense ... from the jury for determination by the judge on the lesser standard of preponderance of the evidence. We fail to see how this authority has any bearing on the circumstances of this case.
36 P.3d at 1140. To resolve whether Mr. Lee’s Apprendi claim before us was fairly presented to the Wyoming Supreme Court, I must proceed to determine what that claim is.
B. Mr. Lee’s Present Apprendi Claim
In Apprendi the defendant’s sentences on two weapons charges were enhanced beyond the otherwise-applicable statutory maximum when the sentencing judge, in accordance with a state hate-crimes statute, found by a preponderance of the evidence that the crimes were motivated by racial bias. 530 U.S. at 469-71, 120 S.Ct. 2348. The United States Supreme Court reversed, holding that “[o]ther than the *613 fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. at 490, 120 S.Ct. 2348. As restated recently by the Supreme Court in United States v. Booker, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), “[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.”
In his appeal to this Court, Mr. Lee states his Apprendi argument as follows:
Critical sentencing facts must either be admitted by the defendant or proved by the state beyond a reasonable doubt because due process protections extend not only to determinations of guilt or innocence but also to sentencing determinations .... The date that this offense occurred was a fact that could have increased, and in fact did increase, Mr. Lee’s sentence, for if the date were determined to be prior to the 1997 amendment his sentence would be one-third as long.
Aplt. Reply Br. at 7. The argument appears to have merit, certainly enough to satisfy the requirement for granting a COA. I note the critical importance of the date of the offense charged in Count Five. If the offense occurred before July 1, 1997, the maximum sentence was five years’ imprisonment; for offenses on or after that date it was 15 years. Mr. Lee’s plea provided no specific date but merely a range of possible dates that included a period before July 1, 1997. Because the date of the offense appears to be a fact “necessary to support a sentence exceeding the maximum authorized by the facts established by [Mr. Lee’s] plea of guilty,” Booker, 543 U.S. at 244, 125 S.Ct. 738, one could argue that Apprendi requires the date to have been determined by a jury under a beyond-a-reasonable-doubt standard of proof.
C. Was the Present Claim Fairly Presented in State Court?
Having engaged in this analysis, one might say that Mr. Lee raised the point in the sentence of his brief before the Wyoming Supreme Court that said:
The hearing at which the State supplemented the record, with the introduction of vague hearsay evidence, can not be said to comport with the due process standards necessary to prove a ‘fact’ which would triple Mr. Lee’s maximum sentencing exposure. See, e.g., Apprendi v. New Jersey, [530 U.S. 466] 120 S.Ct. 2348 [147 L.Ed.2d 435] (U.S.2000) (full due process protections apply with regard to any fact which can increase a sentence beyond the otherwise available statutory maximum). .
Aplee.App. at 29-30. In my view, however, Mr. Lee’s tenable Apprendi claim was not fairly presented to the Wyoming Supreme Court. Yes, his brief cited Appren-di. And sometimes the application of the doctrine stated in a precedent is readily apparent in the case at hand. But this is not such a case. Particularly given the recentness of Apprendi, Mr. Lee’s brief needed to assist the state court in seeing why it applied. Yet the Apprendi reference was buried in a discussion that appeared to be addressing double-jeopardy principles. Moreover, the quoted sentence said nothing about the specific requirements imposed by Apprendi — the jury as fact finder and proof beyond a reasonable doubt. On the contrary, the reference in the sentence citing Apprendi to “vague hearsay evidence” obscured the argument by suggesting that it was the nature of the evidence presented — rather than the identity of the fact finder or the burden of *614 persuasion — that was at stake. And the “e.g.” in the “see, e.g.” citation signal is baffling, suggesting a more general point than Apprendi’s specific holding.
The “fairly present” requirement for exhaustion must be understood in light of AEDPA’s approach to federal collateral review of state criminal proceedings. We do not overturn a state-court determination merely because we would rule otherwise. The determination must be unreasonable. Section 2254(d) states that a state prisoner’s application for habeas corpus will not be granted unless the state-court decision was “contrary to” Supreme Court precedent (which would certainly be unreasonable), “involved an unreasonable application of’ Supreme Court precedent, or “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” And we must be even more deferential with respect to factual findings — in a § 2254 proceeding “a determination of a factual issue made by a State court shall be presumed to be correct.” 28 U.S.C. § 2254(e).
Likewise, an argument not addressed by the state court should not be considered to have been “fairly presented” unless it was unreasonable for the court to fail to appreciate that the argument had been made. Presenting issues to a court is not a game in which an appellant can score by saying just enough to alert a judge who had unlimited time to speculate on every possible issue that might be unearthed in the brief. The Wyoming Supreme Court, as its opinion clearly indicates, did not perceive Mr. Lee to be making the Apprendi claim that I believe to have substantial merit. On the contrary, the court was perplexed by the citation to Apprendi. Yet not only was it not unreasonable for the court to miss the point (assuming, perhaps contrary to fact, that Mr. Lee’s state-court brief actually intended to make the point), but I question whether I would have seen the point myself. After all, in this case we have had the benefit of having already been subjected to a two-year-long barrage of challenges under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Booker to sensitize us to Apprendi matters, as well as having received a better brief by Mr. Lee on this issue. Indeed, in oral argument before this court, Mr. Lee’s counsel admitted that “at the time that this first came through the [Wyoming] Supreme Court[,] ... the subsequent cases to Apprendi had not come down so maybe it was unclear to the Wyoming Supreme Court and unclear in possibly how it was raised.” I would hold that Mr. Lee has not exhausted his Apprendi claim in state court because it was not fairly presented to the Wyoming Supreme Court.
On the other hand, this procedural bar is far from obvious. Because the determination whether to grant a COA “does not require full consideration of the factual or legal bases addressed in support of the claim,” Miller-El, 537 U.S. at 337, 123 S.Ct. 1029,1 would have granted a COA on Mr. Lee’s due-process claim because both the merits and the issue of procedural bar are at least debatable, see Slack, 529 U.S. at 484, 120 S.Ct. 1595.
III. DISPOSITION OF THIS APPEAL
Deciding that Mr. Lee had not exhausted his state-court remedies would not end the matter. It would then be necessary to remand to the district court for further proceedings. First, the district court would need to determine whether it is still possible for Mr. Lee to present his Ap-prendi claim in state court. If not, his claim is deemed to have been exhausted but it is procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If *615 the claim has been defaulted in state court, the district court may grant relief only if Mr. Lee “can demonstrate cause and prejudice or a fundamental miscarriage of justice.” Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir.2000) (internal quotation marks omitted).
If, however, there is still a possibility of state-court relief, Mr. Lee must pursue that avenue. In that event the district court could dismiss Mr. Lee’s § 2254 claims. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1532-33, 161 L.Ed.2d 440 (2005). But an adverse consequence of that approach is that then he would likely be barred from returning to federal court because of AEDPA’s one-year statute of limitations on § 2254 applications. 28 U.S.C. § 2244(d)(1). Although the limitations period is tolled while the applicant pursues relief in state court, see § 2244(d)(2), federal-court proceedings do not toll the limitations period, see Rhines, 125 S.Ct. at 1533. Thus, if an applicant’s claims are dismissed by the federal court (particularly if the federal proceedings have continued for a number of months), he may well lose forever any chance for federal review of those claims. Id.
To avoid such a result, federal courts on occasion have adopted the procedure of staying and abating the habeas claim. Under this procedure a district court stays the habeas application and holds it in abeyance while the applicant pursues the unex-hausted claims in state court. Id. at 1534. Once the applicant exhausts state-court remedies, the district court will lift the stay and allow the applicant to return to federal court. Id. The Supreme Court recently approved the practice but subjected it to strict limitations. Id. at 1535. The procedure may be used only “when the district court determines there was good cause for the petitioner’s failure to exhaust his claims first in state court” and the unexhausted claims are not “plainly meritless.” Id. Mr. Lee’s Apprendi claim is not plainly meritless. The district court, however, is better positioned than this court to determine whether stay-and-abeyance is appropriate in this case, and it should be the tribunal to address the matter in the first instance.