UNITED STATES of America,
Plaintiff–Appellee,

v.

James Harold UNDERWOOD,
Defendant–Appellant.

No. 91–3380.

United States Court of Appeals,
Tenth Circuit.

Dec. 24, 1992.

Jake Arbes, Atlanta, GA, for defendant-appellant.

Lee Thompson, U.S. Atty., Richard L. Hathaway, Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

Before BALDOCK and KELLY, Circuit Judges, and BRATTON, District Judge.*

BALDOCK, Circuit Judge.

Defendant James Harold Underwood appeals his guidelines sentence for his drug conspiracy conviction claiming three errors by the district court: (1) application of a two-point upward adjustment for possession of a firearm; (2) inclusion of quantities of marijuana not alleged in the indictment in calculating his base offense level; and (3) refusal to grant a downward departure based on the disparate sentences of his codefendants. We have jurisdiction under 18 U.S.C. § 3742(e)(1), and we affirm.

In November 1989, Defendant was named in eight counts of a twelve count indictment relating to a marijuana growing operation conducted on several farms located throughout seven counties in the State of Kansas between January 1987 to July 1989. In March 1990, Defendant pleaded guilty to one count of conspiracy to plant, grow, harvest, and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1). The presentence report concluded that the offense involved 8,411 kilograms of marijuana and calculated Defendant's base offense level ("BOL") at 34. See U.S.S.G. §§ 2D1.1(a)(3), (c)(5). The presentence report also concluded that a two-level upward adjustment for possession of a firearm, id. § 2D1.1(b)(1), and a three-level upward adjustment for being a manager or supervisor of an offense involving five or more persons, id. § 3B1.1(b), were appropriate. Finally, Defendant received a two-level downward adjustment for acceptance of responsibility,

id. § 3E1.1(a), resulting in a total offense level of 37. In light of Defendant's criminal history category of II, Defendant's guideline range was 235 to 293 months, see id. (Sentencing Table), and the offense carried a mandatory minimum of ten years imprisonment. See 21 U.S.C. § 841(b)(1)(A)(vii). The district court sentenced Defendant to 235 months imprisonment, the minimum term within the guideline range.

Defendant appealed his sentence. We held that the district court erred in failing to articulate any reason for the imposition of the particular sentence as required under 18 U.S.C. § 3553(c). United States v. Underwood, 938 F.2d 1086, 1092 (10th Cir. 1991). We were particularly concerned, in light of the November 1989 amendment to the relevant conduct guideline, U.S.S.G. § 1B1.3, about the district court's application of a two-point firearms possession enhancement. We construed the pre-amendment version of § 1B1.3 as requiring the district court to make a finding regarding scienter before adjusting for possession of a firearm pursuant to § 2D1.1(b)(1). Underwood, 938 F.2d at 1089–90 (citing United States v. Burke, 888 F.2d 862 (D.C.Cir. 1989)). While we recognized that the November 1989 amendment to § 1B1.3 eliminated the scienter requirement for a firearms possession enhancement, id. at 1090 (citing United States v. Fiala, 929 F.2d 285, 289 (7th Cir.1991); United States v. Suarez, 911 F.2d 1016, 1021 (5th Cir.1990)), we held that the ex post facto clause prohibited retroactive application of the amended guideline. Id. The district court's failure to articulate its reasons for the sentence precluded us from determining whether the court had made the requisite finding of scienter. Accordingly, we remanded with instructions to vacate Defendant's sentence and resentence him stating the reasoning behind the calculation of the guideline range and making a finding as to whether defendant knowingly possessed weapons or whether the weapons

* The Honorable Howard C. Bratton, Senior United States District Judge for the District of New Mexico, sitting by designation.

possession by his codefendants was reasonably foreseeable.[1] *Id.* at 1092.

On remand, Defendant filed a resentencing memorandum claiming, not only that the § 2D1.1(b)(1) firearms possession enhancement should not be applied, but also that the indictment's failure to allege the quantity of marijuana involved in the conspiracy precluded the court from sentencing Defendant under the enhanced penalty provisions of 21 U.S.C. § 841(b), and that the court should grant Defendant a downward departure due to the disparate sentences of his codefendants. Following an evidentiary hearing, the district court found that the government had demonstrated by a preponderance of the evidence that Defendant was aware of his codefendants' firearms possession, and that his codefendants' firearms possession was reasonably foreseeable. The district court also rejected Defendant's argument relating to the enhanced penalty provisions of 21 U.S.C. § 841(b), and found that a downward departure was not warranted.

 We review the district court's factual findings under a clearly erroneous standard, 18 U.S.C. § 3742(e), and will not reverse "unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." *United States v. Beaulieu,* 893 F.2d 1177, 1181–82 (10th Cir.), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). *See also United States v. Goddard,* 929 F.2d 546, 548 (10th Cir.1991). While we give due deference to the district court's application of the guidelines to the facts, 18 U.S.C. § 3742(e), we review legal questions de novo. *Goddard,* 929 F.2d at 548 (citations omitted).

 In Defendant's first appeal, we held that, under the applicable guidelines (*i.e.,*

prior to the November 1989 amendment to § 1B1.3), the § 2D1.1(b)(1) enhancement for possession of a firearm was proper if Defendant himself knowingly possessed a firearm during the drug offense, or was criminally negligent in his unwitting possession, or if a codefendant's possession of a firearm during the drug offense was known to Defendant or reasonably foreseeable to him. *Underwood,* 938 F.2d at 1090. Although the initial presentence report indicated that a loaded firearm was found behind the seat in Defendant's truck and additional evidence to this effect was presented at the evidentiary hearing on remand, the district court did not rely on this firearm as the basis of the § 2D1.1(b)(1) enhancement, apparently due to the lack of evidence concerning Defendant's knowledge of this firearm.[2] Rather, the district court based the § 2D1.1(b)(1) enhancement on the codefendants' possession of firearms. In the first appeal, we not only recognized that a § 2D1.1(b)(1) enhancement could be based on a codefendants' possession of a firearm if Defendant knew of his codefendants' possession or such possession was reasonably foreseeable by Defendant, *Underwood,* 938 F.2d at 1090; *see also* U.S.S.G. § 1B1.3(a)(1)(B); *id.* comment. (n. 2), we also recognized that "reasonable foreseeability of weapons possession by a codefendant may be inferred if the codefendant knowingly possessed the weapon." *Underwood,* 938 F.2d at 1090 (citing *United States v. McFarlane,* 933 F.2d 898, 899 (10th Cir.1991)). The district court found both that Defendant was aware of his codefendants' possession of firearms and that such possession was reasonably foreseeable to Defendant.

After reviewing the record, we have difficulty finding any direct evidence of Defendant's knowledge of his codefendants' possession of firearms. Nonetheless, evi-

---

**1.** We rejected Defendant's second argument that the district court's consideration of hearsay testimony regarding his drug related activities while on release violated due process. *Underwood,* 938 F.2d at 1092 n. 4.

**2.** In addition to the evidence about the firearm in Defendant's truck, additional evidence was

offered at the evidentiary hearing that a firearm was found in a motel room where Defendant had been just prior to a search by law enforcement officers, as well as a gun found in another truck registered in the name of one of Defendant's aliases which was found at one of the farms.

dence was adduced at the evidentiary hearing that a number of firearms were found at various marijuana farms that Defendant supervised and that Defendant was seen at these farms. More importantly, one of Defendant's coconspirators, Richard Beard, was in possession of a firearm at the time of his arrest which he initially tried to bury but later revealed to law enforcement officers. Moreover, several other loaded firearms were discovered out in the open at one of the farms from where three coconspirators were fleeing at the time of their arrest. Given the codefendants' knowing possession of firearms during the conspiracy, we can infer that the codefendants' possession was reasonably foreseeable to Defendant. *Underwood*, 938 F.2d at 1090; *McFarlane*, 933 F.2d at 899. Because the codefendant's possession was reasonably foreseeable, Defendant is accountable for this conduct. *See* U.S.S.G. § 1B1.3(a)(1)(B); *Underwood*, 938 F.2d at 1090. Therefore, the § 2D1.1(b)(1) enhancement for possession of a firearm during the drug conspiracy was proper.

■ Defendant next contends that the district court erred in enhancing his sentence based on quantities of drugs not alleged in the indictment. Defendant relies on *United States v. Crockett*, 812 F.2d 626 (10th Cir.1987), to support his claim that the quantity of drugs involved in the offense must be alleged in the indictment to be considered at sentencing. *Accord United States v. Jenkins*, 866 F.2d 331, 334 (10th Cir.1989); *United States v. Brandon*, 847 F.2d 625, 631 (10th Cir.), *cert. denied*, 488 U.S. 973, 109 S.Ct. 510, 102 L.Ed.2d 545 (1988). However, *Crockett* and its progeny are pre-guidelines cases which we have held are "inapposite to post-guideline cases." *United States v. McCann*, 940 F.2d 1352, 1358 (10th Cir.1991) (citing *United States v. Ware*, 897 F.2d 1538, 1542–43 (10th Cir.), *cert. denied*, 496 U.S. 930, 110 S.Ct. 2629, 110 L.Ed.2d 649 (1990)). *See also United States v. Morehead*, 959 F.2d 1489, 1510–11 (10th Cir.1992). The sentencing guidelines clearly provide that all relevant conduct should be taken into account at sentencing, U.S.S.G. § 1B1.3, and we have held that drug quantities which were

part of the sa .e course of conduct or common scheme ɔf plan as the offense of conviction be included in the BOL calculation. *United States v. Rutter*, 897 F.2d 1558, 1562 (10th Cir.), *cert. denied*, 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990). Thus, quantities of drugs associated with offenses for which the defendant is not convicted are properly considered in calculating the BOL. *Id. See also United States v. Ross*, 920 F.2d 1530, 1538 (10th Cir.1990). Moreover, in determining the quantity of drugs that were part of the same course of conduct or common scheme or plan as the offense of conviction, "a sentencing court may look beyond the charges alleged in the indictment...." *United States v. Abreu*, 962 F.2d 1425, 1437 (10th Cir.1992). *See also United States v. Harris*, 903 F.2d 770, 778 (10th Cir.1990); *Ware*, 897 F.2d at 1542. Thus, we find no error in the district court's consideration of quantities of drugs not alleged in the indictment in calculating Defendant's BOL.

■ Defendant also argues that the district court's determination of sentencing factors by a preponderance of the evidence deprived Defendant of his Fifth and Sixth Amendment rights to due process and trial by jury. Defendant's due process argument is that factors critical to sentencing must be determined beyond a reasonable doubt rather than by the preponderance of the evidence standard. We have already squarely rejected this argument. *See United States v. Frederick*, 897 F.2d 490, 491–93 (10th Cir.) *cert. denied*, 498 U.S. 863, 111 S.Ct. 171, 112 L.Ed.2d 135 (1990). *See also McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (court's consideration of firearms possession at sentencing which under state law need only be proved by preponderance of evidence did not violate due process). Defendant's Sixth Amendment argument claiming a right to jury trial on sentencing factors is equally unavailing. Neither the quantity of narcotics nor possession of a firearms is an element of the offense for which Defendant was convicted. While the sentencing guidelines account for these factors in calculating the offense level, the

Supreme Court has recognized that there is no right to jury trial on sentencing factors. *McMillan,* 477 U.S. at 93, 106 S.Ct. at 2420 (no right to jury trial on weapon possession which state treated as sentencing consideration). *See also McDonald v. Massachusetts,* 180 U.S. 311, 313, 21 S.Ct. 389, 390, 45 L.Ed. 542 (1901) (no right to jury trial on habitual offender status which state treated as sentencing factor). Accordingly, we find Defendant's constitutional arguments to be without merit.

■ Finally, Defendant argues that the trial court erred in refusing to grant him a downward departure based on the less severe sentences received by his codefendants. "The determination of whether a downward departure is warranted and appropriate is committed to the sound discretion of the trial judge." *United States v. Bromberg,* 933 F.2d 895, 897 (10th Cir. 1991). A trial court's failure to grant a downward departure based solely on a codefendant's disparate sentence does not constitute an abuse of discretion. *United States v. Trujillo,* 906 F.2d 1456, 1465 (10th Cir.), *cert. denied,* 498 U.S. 962, 111 S.Ct. 396, 112 L.Ed.2d 405 (1990).

AFFIRMED.