988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee THOMPSON, Defendant-Appellant.
 No. 92-30225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-92-5-02-CRD; Carolyn R. Dimmick, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 MEMORANDUM**
 Michael Lee Thompson appeals his 92-month sentence imposed after his guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Thompson contends that the district court erred by adjusting his offense level under U.S.S.G. § 3C1.1 for obstruction of justice. Specifically, he argues that insufficient evidence supported the district court's finding. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 Generally, we review for clear error the district court's finding that a defendant obstructed justice. United States v. Mondello, 927 F.2d 1463, 1465 (9th Cir.1991). Nonetheless, we review de novo whether a defendant's conduct constitutes obstruction of justice under U.S.S.G. § 3C1.1 United States v. Rodriguez-Razo, 962 F.2d 1418, 1420 (9th Cir.1992).
 
 
 1
 The Guidelines provide that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1 (1991). Attempting to escape from custody before sentencing may provide a basis for applying this adjustment. Id., comment. (n. 3(e)).
 
 
 2
 The district court applies the preponderance of evidence standard in determining the existence of factors enhancing a sentence. United States v. Restrepo, 946 F.2d 654, 655-57 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992). The government bears the burden of proving the necessary facts. United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992).
 
 
 3
 Here, the presentence report contained a recommendation that Thompson receive an enhancement for obstruction of justice for attempting to escape from jail while awaiting sentencing on the offense of conviction. At the sentencing hearing, a United States Marshal testified to the following facts. While incarcerated at the Snohomish County Jail, Thompson scratched grooves in the exterior wall of his cell with a toilet brush. Additionally, Thompson possessed unauthorized extra blankets, which could have been used to make a rope. Officials moved Thompson to a second cell. In the second cell, Thompson dug grooves around the exterior of the window and dug a large hole in a wall which led to a shaft. Officials found pieces of metal, a broom handle and other tools in the cell. Thompson was moved to a third cell in which he dug another hole in the wall.
 
 
 4
 Officials then transferred Thompson to a high security cell in the King County jail. In this cell, Thompson pulled a toilet paper holder off the wall to use as a digging tool. He then broke a window and chipped away at the concrete on the bottom of the window frame. Officials finally moved Thompson to an ultra-high security area.
 
 
 5
 On the basis of this evidence and pictures depicting the damaged cells submitted by the government, the district court found that Thompson obstructed justice by attempting to escape or obstructing law enforcement.[1]
 
 
 6
 Thompson contends that the evidence was insufficient to support such a finding because (1) he acted in plain view of the authorities, (2) the damage was diffuse, (3) one large hole led back into the jail, (4) his attempts to cover the holes actually attracted more attention to each cell, (5) he lacked accomplices on the inside or outside, and (6) he did not threaten the jail staff with physical force. Thus, he argues that the damage was inflicted only to annoy the authorities, and not to escape.[2] We find this argument unpersuasive.
 
 
 7
 Accordingly, the district court did not clearly err by finding that, by a preponderance of the evidence, Thompson attempted to escape from custody. See Restrepo, 964 F.2d at 661.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court based the second ground on the officials' time spent moving Thompson from cell to cell in an overcrowded system, and the repeated repairs to each cell
 
 
 [2]
 Thompson also contends that the district court's determination of sentencing factors by a preponderance of the evidence deprived him of his Fifth and Sixth Amendment rights to due process and a jury trial. These contentions lack merit. Proof of sentencing factors by a preponderance of the evidence does not violate Fifth Amendment due process nor the Sixth Amendment right to a jury trial. See McMillian v. Pennsylvania, 477 U.S. 79, 91, 93 (1986) (rejecting both arguments); United States v. Underwood, 982 F.2d 426, 429-30 (10th Cir.1992) (same); see also Restrepo, 946 F.2d at 656 (rejecting due process argument)
 
 
 [3]
 Because we hold that the record supports a finding that Thompson attempted to escape, we need not determine whether the alternative ground stated by the district court also supports an enhancement