989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter Olympus MAVROKORDATOS, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 92-1158.
 United States Court of Appeals, Tenth Circuit.
 March 18, 1993.
 
 Before EBEL and PAUL KELLY, JR., Circuit Judges, and VRATIL, District Judge.
 ORDER AND JUDGMENT*
 PAUL KELLY, JR., Circuit Judge.
 
 
 1
 Mr. Mavrokordatos was indicted on various counts of fraud. Pursuant to a plea agreement, Mr. Mavrokordatos pled guilty to one count of mail fraud, 18 U.S.C. § 1341, and the government dismissed nine remaining counts. Mr. Mavrokordatos appeals the district court's calculation of his sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm.
 
 
 2
 We review the district court's factual findings concerning the Sentencing Guidelines under the clearly erroneous standard, but review de novo issues of law. United States v. Santiago, 977 F.2d 517, 524 (10th Cir.1992). Mr. Mavrokordatos claims that the district court improperly considered conduct beyond the offense of conviction in computing his sentence. In determining both the base offense level and adjustments for amount of loss, the district court may consider acts and omissions beyond the offense of conviction which are part of the same course of conduct. See, U.S.S.G. § 1B1.3(a)(2); United States v. Underwood, 982 F.2d 426, 429 (10th Cir.1992). Mr. Mavrokordatos's other insurance and loan fraud activities shared the same modus operandi and were closely related, both factually and temporally, to the offense of conviction. The district court correctly concluded that these acts constituted part of an ongoing series of offenses under § 1B1.3. See U.S.S.G. § 1B1.3, comment (n. 9).
 
 
 3
 Mr. Mavrokordatos also claims that in calculating the adjustment for amount of loss, the court should have used the $10,292.16 deficiency owed to GMAC and Don Massey Cadillac, instead of the $41,000 purchase price of the car. In computing the amount of loss for a fraud offense under U.S.S.G. § 2F1.1, a district court may use the amount of intended loss, rather than the amount of actual loss, if the intended loss is greater than the actual loss. United States v. Abud-Sanchez, 973 F.2d 835, 838-39 (10th Cir.1992). The record supports the district court's finding that Mr. Mavrokordatos intended to take possession of the $41,000 Cadillac without paying anything for it.
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 5
 FNThe Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3