**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES HAROLD UNDERWOOD,

    Defendant - Appellant.

No. 97-3227

(D. Kansas)

(D.C. No. 89-CR-40038-3)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

James Harold Underwood, a federal inmate appearing pro se, requests a certificate of appealability to appeal the district court's dismissal of his motion to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. We deny the certificate and dismiss the appeal.

The court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. 2253(c)(2). Mr. Underwood argues: (1) the district court erred in enhancing his sentence based on quantities of drugs not alleged in the indictment; (2) the district court deprived him of his Fifth and Sixth Amendment rights to due process and trial by jury by determining sentencing factors by a preponderance of the evidence; and (3) the district court erred in summarily dismissing his § 2255 motion without requiring the government to respond and without affording him an evidentiary hearing.

Mr. Underwood's first two arguments have been previously considered and disposed of by this court on direct appeal.[1] See United States v. Underwood, 982

---

[1] In Mr. Underwood's first appeal, this court held that the district court had to make a general statement of its reasoning for the sentence imposed, including its acceptance of a weapon-possession enhancement, and we remanded for resentencing. United States v. Underwood, 938 F.2d 1086, 1087, 1091-92 (10th Cir. 1991). After the district court resentenced him to the same sentence, Mr. Underwood again appealed to this court, this time arguing, inter alia, that quantities of drugs not alleged in the indictment could not be used in calculating the base offense level and that determination of sentencing factors by a preponderance of the evidence deprived him of his Fifth and Sixth Amendment rights of due process and trial by jury. See United States v. Underwood, 982 F.2d 426 (10th Cir. 1992). In his application for a certificate of appealability, Mr. Underwood admits that these issues were raised and argued in the same manner on direct appeal. Appellant's Br. Part A at 2, 5 (admitting that he relies on United States v. Crockett in this § 2255 motion

(continued...)

F.2d 426 (10th Cir. 1992). As to Mr. Underwood's first argument, on appeal we held that quantities of drugs associated with offenses for which the defendant is not convicted are properly considered in calculating the base offense level. Underwood, 982 F.2d at 429; see United States v. Rutter, 897 F.2d 1558, 1561-62 (10th Cir. 1990) (holding that drug quantities which were part of the same course of conduct or common scheme or plan as the offense of conviction can be included in the base offense level calculation).[2]

_____

[1](...continued)
as he did on appeal); Appellant's Br. Part B at 15 (admitting that he presented the same due process arguments regarding the preponderance of evidence standard on appeal).

[2]Although Mr. Underwood asserts that "new arguments, new evidence, [and] new experience" merit a different result here, Appellant's Br. Part A at 8, we conclude that he has not presented any new arguments or new evidence to support his claims. As before, he relies primarily on United States v. Crockett, 812 F.2d 626 (10th Cir. 1987), although we have held repeatedly that "Crockett and its progeny are pre-guidelines cases which . . . are 'inapposite to post-guideline cases.'" United States v. Underwood, 982 F.2d 426, 429 (10th Cir. 1992) (quoting United States v. McCann, 940 F.2d 1352, 1358 (10th Cir. 1991)). He also relies on case law from other circuits, suggesting that the law has changed on this issue. See Appellant's Br. Part B at 9-13. We agree with the district court that "[w]hile there is support for [Mr. Underwood's] position in other circuits, the law in the Tenth Circuit has not changed." R. Vol. I, Tab 453, Memorandum and Order at 4 (citations omitted); see, e.g., United States v. Reyes, 40 F.3d 1148, 1151 (10th Cir. 1994) (holding that even when an indictment alleges no quantity term, the total quantity of drugs calculated during the sentencing phase of a narcotics trial can be used in imposing the mandatory minimum sentence). Finally, Underwood's reliance on recent Supreme Court rulings is misplaced. See Witte v. United States, 115 S. Ct. 2199 (1995) (holding that consideration of uncharged but related drug activities to impose a higher sentence within the statutorily authorized range does not constitute punishment for double jeopardy purposes). Contrary to Underwood's argument, Witte supports the court's consideration of uncharged conduct in his case. That is, at the time Underwood pleaded guilty, he was advised that the offense carried a penalty of not less than ten years nor

(continued...)

-3-

As to Mr. Underwood's second argument, in his direct appeal we held that the quantity of drugs is not an element of the offense for which Mr. Underwood was convicted, and that "[w]hile the sentencing guidelines account for these factors in calculating the offense level, the Supreme Court has recognized that there is no right to a jury trial on sentencing factors." Underwood, 982 F.2d at 429-30. Thus, his Sixth Amendment argument is unavailing. Also, we recognized that prior circuit precedent "squarely rejected" his Fifth Amendment argument that factors critical to sentencing must be determined beyond a reasonable doubt rather than by the preponderance of the evidence standard. Id. at 429.

Our prior decision is dispositive as to these two arguments, and the district court did not err in dismissing the § 2255 motion as to them. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (stating that where the court of appeals has previously considered and disposed of issues on direct appeal, a defendant may not raise these issues under § 2255).

Mr. Underwood's third argument, that the district court erred by not holding an evidentiary hearing on his § 2255 motion, is without merit. We review a district court's denial of a § 2255 motion without an evidentiary hearing for

---

[2](...continued)
more than life. R. Vol. III, Tab 345 at 4. In fact, his actual sentence of 235 months is within that statutory range.

abuse of discretion.  <u>United States v. Whalen</u>, 976 F.2d 1346, 1348 (10th Cir. 1992).  Under § 2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; <u>see also</u> <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988).   Here, Mr. Underwood's motion and the record conclusively show that his § 2255 motion is meritless and that he is entitled to no relief, and the district court did not abuse its discretion in denying him an evidentiary hearing.[3]

---

[3]We note also that the district court followed the appropriate procedure when dismissing Mr. Underwood's motion without an evidentiary hearing.

> The preferred practice in summarily dismissing a § 2255 motion is to enumerate the issues raised by the prisoner, and explain the reasons for that action.  Such a disposition provides a basis for appellate review of the dismissal of the motion that, standing alone, might arguably have some merit.  This requirement of a reasoned decision, even though the district court denies a hearing, is consistent with the requirements of other circuits.

<u>Marr</u>, 856 F.2d at 1472-73.  The district court met this requirement.

Accordingly, we find Mr. Underwood's arguments do not make a substantial showing of the denial of a constitutional right. The certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge