**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ALBERT KNOWLES, also known as
Alvin Cole, also known as A.J.,

        Defendant - Appellant.

No. 96-1502

D. Colorado

(D.C. No. 96-CR-86-Z)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Albert Knowles appeals his sentence imposed pursuant to a guilty plea for conspiring to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We dismiss the appeal.

## BACKGROUND

In July 1996, Knowles entered into a conditional guilty plea to the charge of conspiracy to possess with intent to distribute crack cocaine. As part of the plea agreement, the government agreed not to file an information under 21 U.S.C. § 851(a)(1) for an enhanced penalty and to dismiss all other counts of both the original and the superseding indictments. In addition, the parties stipulated that an enhancement under U.S.S.G. § 3B1.1(c) for Knowles' role in the offense was warranted, and they agreed, pursuant to Fed. R. Crim. P. 11(e)(1)(C), that the sentence imposed would not be less than 151 months and not more than 180 months.[1] After determining that the plea was voluntary at the change of plea hearing, the district court accepted Knowles' plea.

At the sentencing hearing in October 1996, Knowles challenged the presentence investigation report's recommendation that he receive a two-level

_____

[1]The plea agreement expressly stated that should the court impose a sentence of greater than 180 months, Knowles would have the right to withdraw his guilty plea. Plea Agreement ¶ 4. Similarly, should the court impose a sentence of less than 151 months, the government would have the right to withdraw its plea offer and the agreement. Id. ¶ 5.

enhancement for the possession of a firearm. In particular, Knowles argued that he did not own the gun. The government responded that the firearm enhancement should apply because the firearm had been found in Knowles' residence and in close proximity to drugs, drug paraphernalia, and ammunition.[2] The court agreed, granting the enhancement and subsequently sentencing Knowles to 180 months' imprisonment, followed by five years' supervised release.[3] Although the sentence imposed by the court was within the range agreed upon in the plea agreement, Knowles filed a notice of appeal in November 1996.

Three days later, pursuant to Anders v. California, 386 U.S. 738 (1967), Knowles' counsel filed his appellate brief and simultaneously moved to withdraw, advising this court that he believes the issues advanced on appeal are frivolous. Knowles was then given the opportunity to file a pro se brief, which he did.

Knowles argues that: (1) the court improperly enhanced his sentence under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm because there was no firearm present at the time of arrest, because he possessed no firearm during the course of the conspiracy, and because no drug distribution occurred in the residence where the firearm was found; (2) the court improperly enhanced his sentence under

---

[2]The parties stipulated to these facts in the plea agreement. Plea Agreement ¶ 21.

[3]In arriving at this sentence, the court also increased Knowles' offense level pursuant to U.S.S.G. § 3B1.1(c) for role in the offense, as agreed upon in the plea agreement. In addition, the court departed downward two levels based on the government's motion under U.S.S.G. § 5K1.1 for substantial assistance.

-3-

U.S.S.G. § 3B1.1(c) for his role in the offense because none of his codefendants was convicted of the same conspiracy charge and therefore he could not have supervised anyone; and (3) the court improperly considered the hearsay statement of a codefendant in making a factual finding. Appellant's Br. at 3-4.

**DISCUSSION**

We review the district court's factual findings for clear error. United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997); see also 18 U.S.C. § 3742(e). We review the district court's interpretation and application of the sentencing guidelines de novo. Pappert, 112 F.3d at 1078.

According to 18 U.S.C. § 3742, in a case involving a plea agreement with a specific sentence under Fed. R. Crim. P. 11(e)(1)(C), a defendant can appeal his sentence only if the sentence was imposed in violation of law, was imposed as a result of an incorrect application of the guidelines, or is greater than the sentence set forth in the plea agreement. United States v. Denogean, 79 F.3d 1010, 1013-14 (10th Cir.), cert. denied, 117 S. Ct. 154 (1996). None of these conditions applies here, and therefore we lack jurisdiction over this appeal.

First, based on the evidence presented, the district court properly enhanced Knowles' sentence for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). To show "possession" as required by the guidelines, it is generally sufficient to show,

-4-

as the government did here, that the weapon was found in the same location where drugs or drug paraphernalia were stored.[4]  See United States v. Roederer, 11 F.3d 973, 983 (10th Cir. 1993); Appellee's Br. at 8-9 (stating that the firearm was found "within inches" of crack cocaine, marijuana, mixing jars, wrappers, a scale, precursor chemicals, and a substantial amount of cash).

Second, the court properly enhanced Knowles' sentence for role in the offense pursuant to U.S.S.G. § 3B1.1(c).  Knowles stipulated in the plea agreement that such an enhancement was appropriate.  In addition, it is irrelevant that none of his codefendants was convicted of the same charge as he; no such limitation is contemplated by § 3B1.1(c).  Knowles pleaded guilty to conspiracy—an offense that includes the participation of more than one person and is thus properly enhanced pursuant to § 3B1.1(c).  See United States v. Hargus, 128 F.3d 1358, 1365 (10th Cir. 1997), petition for cert. filed (U.S. Dec.

---

[4]Although Knowles asserted at sentencing that the gun belonged to a codefendant, Melina Perry, he does not raise this issue on appeal.  Nevertheless, we note that the government correctly argues that for purposes of § 2D1.1(b)(1), it is irrelevant whether Knowles owned the firearm, as long as Knowles either possessed the firearm,  knew a codefendant possessed the firearm, or could have reasonably foreseen a codefendant's possession of the firearm.  See Appellee's Br. at 9-10 (citing United States v. Underwood, 982 F.2d 426, 428 (10th Cir. 1992)).

We note also that once the government proved possession by a preponderance of the evidence, the burden then shifted to Knowles to show that the "clearly improbable" exception applied to him.  See United States v. Roberts, 980 F.2d 645, 647 (10th Cir. 1992).  Knowles does not argue that he satisfied this burden.

5, 1997) (No. 97-7024); United States v. Baez-Acuna, 54 F.3d 634, 639 (10th Cir. 1995).

Finally, it was not improper for the district court to consider hearsay evidence at sentencing. Because the Federal Rules of Evidence do not apply at sentencing hearings, hearsay statements may be used at sentencing as long as they possess some "minimum indicia of reliability." United States v. Browning, 61 F.3d 752, 754-55 (10th Cir. 1995); see United States v. Beaulieu, 893 F.2d 1177, 1179-80 (10th Cir. 1990). In this case, Knowles asserts merely that the hearsay statement in question was "totally unreliable," but offers nothing to support this claim. See Beaulieu, 893 F.2d at 1179-81 (finding hearsay evidence admissible where there was no showing of unreliability); see also Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

## CONCLUSION

Accordingly, we DISMISS the appeal for lack of jurisdiction and GRANT counsel's Motion to Withdraw.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-6-