**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY ALPHONZE
ARCENEAUX,

    Defendant - Appellant.

No. 99-6049
(D.C. No. 98-CR-61)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Pro se appellant Rodney Alphonze Arceneaux challenges his conviction

under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, for possession with intent to

distribute cocaine base ("crack") and aiding and abetting, as well as his sentence

of 292 months imprisonment. Arceneaux asserts five claims: (1) the district court

erred in denying his motion to withdraw his guilty plea; (2) the district court erred

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

in its application of U.S.S.G. § 2D1.1(b)(1); (3) the district court erred in its application of the departure provisions of the Sentencing Guidelines; (4) his detention and arrest were unlawful; and (5) a search resulting in the seizure of incriminating evidence was unlawful. Arceneaux's attorney believes that Arceneaux's appeal is wholly frivolous. He therefore has filed both a motion to withdraw as attorney of record and a corresponding Anders brief outlining Arceneaux's claims. See Anders v. California, 386 U.S. 738, 744 (1967). Anders requires that such a brief refer to "anything in the record that might arguably support the appeal." Id. Counsel furnished Arceneaux a copy of the brief, and Arceneaux has had the opportunity to respond or raise additional claims. See id. Based on our own independent review of the record, we conclude that Arceneaux's claims are wholly frivolous. We grant counsel's motion to withdraw, deny Arceneaux's motions for appointment of appellate counsel and permission to proceed in forma pauperis, and affirm his sentence.

We review a district court's denial of a motion to withdraw a plea prior to sentencing for abuse of discretion "and will not reverse absent a showing that the court acted unjustly or unfairly." United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997) (quotation and citation omitted); see also Fed. R. Crim. P. 32(e). "[A] defendant's motion to withdraw a plea before sentencing should be 'freely allowed' and 'given a great deal of latitude . . . .'" United States v. Kramer, 168

F.3d 1196, 1202 (10th Cir. 1999) (quoting United States v. Carr, 80 F.3d 413, 419 (10th Cir. 1996)).  Under our precedent, "[t]he defendant bears the burden of showing that a denial of a motion to withdraw a plea was not 'fair and just.'" United States v. Killingsworth, 117 F.3d 1159, 1161 (10th Cir. 1997) (quoting United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993)).  "[C]ourts should consider [seven factors] in determining whether the defendant has shown a fair and just reason for allowing withdrawal of a guilty plea: (1) whether the defendant has asserted innocence; (2) prejudice to the government if the motion is granted; (3) whether the defendant has delayed filing the motion to withdraw his plea; (4) inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel during the plea; (6) whether the plea was knowing and voluntary; and (7) the waste of judicial resources." Id. at 1161-62 (citing Gordon, 4 F.3d at 1572).

Construing Arceneaux's pro se pleadings liberally, as required under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Arceneaux claims the denial of his motion to withdraw his plea was unfair and unjust because his plea was not "knowing and voluntary" and because of the poor quality of the assistance of counsel he received.   Killingsworth , 117 F.3d at 1161-62.  Specifically, he argues that his plea was not knowing or voluntary because his counsel erroneously and incompetently advised him not to challenge a search warrant for his girlfriend's

apartment or a fingerprint analysis purporting to show his fingerprints on a package of cocaine found in the apartment, in part based on his counsel's belief that the government might seek to apply a "three-strikes" law if he chose to go to trial.

Our Circuit's test for "[w]hether a defendant entered a knowing and voluntary guilty plea" is whether the plea was "knowing and the product of deliberate, intelligent choice. Furthermore, the defendant must have a full understanding of what the plea connotes and of its consequences." Cunningham v. Diesslin , 92 F.3d 1054, 1060 (10th Cir. 1996) (citations and internal quotation omitted). Our review of the transcript of the plea hearing in this case indicates the court ascertained that Arceneaux understood the plea agreement and fully advised him of the legal consequences of the plea. As for his allegation that he did not receive competent assistance of counsel, Arceneaux cites no evidence that would lead us to conclude his counsel's performance was in any way deficient, and our review of the record supports that conclusion. Arceneaux's challenges to the search and the fingerprint analysis are similarly devoid of support in the record. Because we find that Arceneaux's plea was knowing and voluntary and that he received adequate assistance of counsel, the district court did not abuse its discretion in denying his motion to withdraw his plea, and Arceneaux's claims to the contrary are wholly frivolous.

By virtue of his unconditional guilty plea, Arceneaux's claims regarding the legality of his detention and arrest and of the search are waived. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Davis, 900 F.2d 1524, 1526 (10th Cir. 1990) (holding that an unconditional guilty plea waives all nonjurisdictional defenses including Fourth Amendment claims).

With regard to Arceneaux's claim that the district court erred in enhancing his sentence by two points for possession of a dangerous weapon, "[w]e review factual findings under U.S.S.G. § 2D1.1(b)(1) for clear error; we give due deference to the application of the Guidelines to the facts; [and] we review purely legal questions de novo." United States v. Vaziri, 164 F.3d 556, 568 (10th Cir. 1999) (citing United States v. Underwood, 982 F.2d 426, 428 (10th Cir. 1997)). "'The [enhancement for weapon possession] should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.'" United States v. Smith, 131 F.3d 1392, 1400 (10th Cir. 1997) (quoting U.S.S.G. § 2D1.1, comment. (n.3)). The government bears the initial burden of proving Arceneaux's possession of the gun by a preponderance of the evidence,

which "may be satisfied by showing mere proximity to the offense." Id. In the present case, the government showed that the gun was found at a residence in which police also found a bag of crack cocaine with Arceneaux's fingerprints on the bag. In addition, the tenants of the apartment told police that the gun belonged to Arceneaux and that he had left it in the apartment that morning. That showing was more than sufficient to meet Vaziri's "proximity to the offense" standard, and Arceneaux offered no evidence in rebuttal. Id. Therefore, it was not error for the district court to enhance his sentence for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), and his claim of error is wholly frivolous.

As regards the court's refusal to depart downward from the Guidelines range, we "cannot exercise jurisdiction to review a sentencing court's refusal to depart from the Guidelines, either upward or downward, unless the court refused to depart because it interpreted the Guidelines to deprive it of the authority to do so." United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999) (citations omitted). "Equally clear in our circuit . . . is that we treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart." Id. That is the case here: The district court exercised its discretion not to depart.

Because we lack jurisdiction to review that decision, this claim, too, is wholly frivolous.

Finally, because the foregoing claims are wholly frivolous, Appellant's motion for appointment of new appellate counsel is DENIED and, although he has demonstrated "a financial inability to pay the required fees," absent "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion to proceed     in forma pauperis     is also DENIED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge